State v. Hogan.

————+<><><>+————

THE STATE, Defendant in Error, v. HOGAN, Plaintiff in Error.

1. An indictment under the statute (R. C. 1855, p. 636, § 58) should designate the particular highway on which the offence was committed.

*Error to Cole Circuit Court.*

*White*, for plaintiff in error.

*Knott*, (attorney general,) for the State.

EWING, Judge, delivered the opinion of the court.

This was an indictment under section fifty-eight, article eight, of crimes and punishments, which says that " every person who shall shoot at a mark along or across a public highway shall be adjudged guilty of a misdemeanor, and shall on conviction be fined the sum of five dollars."

The indictment charges the offence in general terms without designating any particular highway in the county; and for this omission we are of opinion the indictment is defective. One of the objects for which particularity in setting out the offence is required, being that the conviction or acquittal of the defendant may enure to his subsequent protection, should he be again questioned on the same grounds; the offence should be defined with such certainty and by the specification of such circumstances as will enable him, in that event, to plead a previous conviction or acquittal of the same offence.

Where generic terms are included in the definition of an offence, as they necessarily must be, it is not sufficient that the offence should be charged in the indictment in the same

generic terms, as in the definition particulars should be sta-
ted, and the indictment in omitting to designate the high-
way across which the shooting occurred, is defective.

Judgment affirmed ; Judge Napton concurring. Judge
Scott absent.