## STATE OF VERMONT v. MARTIN HANLEY.

*Criminal Law. Sufficiency of Complaint. Gen. Sts. ch.* 15, § 87.

It is not ground of abatement, that a memorandum of the names of the witnesses to support the prosecution, is not subjoined to a grand juror's complaint.

The omission of *vi et armis* is not fatal, when the averments in English show that the criminal act was committed with force and violence.

A complaint alleging that the respondent " did disturb and break the public peace by tumultuous and offensive carriage, * * * * by threatening, quarrelling with, challenging, assaulting, beating, and striking" L., sufficiently shows the means by which the offence was committed.

THIS was a grand juror's complaint for a breach of the peace, under § 1, ch. 116, of the Gen. Sts., preferred to the city court of the city of Burlington. The complaint alleged that the respondent, on the 18th day of March, 1874, at, &c., " did disturb and break the public peace by tumultuous and offensive carriage then and there to the public exhibited, by threatening, quarrelling with, challenging, assaulting, beating, and striking Joseph Langlois, of said city ; which said offensive carriage of the said Martin, exhibited as aforesaid, did disturb and break the public peace," *contra formam statui.* The respondent pleaded in abatement, for that a memorandum of the names of the witnesses in support of the prosecution, was not subjoined to said complaint ; but the court,

TYLER, J., overruled the plea, and allowed the grand juror to subjoin such memorandum; to which the respondent excepted.

The respondent then demurred to the complaint, for that it was not alleged therein that the acts or offence charged, were committed *vi et armis;* that the acts and offence were not alleged with sufficient certainty as to time; that the offence was not alleged with sufficient certainty and particularity; and that the means by which the offence was committed, was not set forth with sufficient particularity and certainty. The court overruled the demurrer, and adjudged the complaint sufficient; to which the respondent excepted. On trial, the respondent was found guilty, and sentenced to pay a fine and costs.

*R. H. Start,* for the respondent.

The plea in abatement ought to have been sustained, and the complaint quashed. Gen. Sts. § 87, ch. 15; *State* v. *Norton,* 45 Vt. 258. That this is so, will appear from an examination of analogous cases, arising from a non-compliance with statutory requirements. Gen. Sts. ch. 30, § 39; ch. 37, § 16; *Clark* v. *Stoughton et al.* 18 Vt. 50; *State* v. *Brown,* 31 Vt. 602.

The offence charged being a breach of the peace, it was necessary to allege that it was committed with force and arms. *State* v. *Munger,* 15 Vt. 290, 296; 1 Bishop Crim. Proced. § 263.

The offence is not charged with sufficient certainty and particularly. The acts constituting the offence should have been set forth by direct and positive averment. The only direct and positive averment in the complaint is, that the respondent did disturb and break the public peace by tumultuous and offensive carriage, which is merely the opinion of the pleader. The clause, "by threatening, quarrelling, challenging, assaulting, beating and striking," &c., is also a mere statement of the pleader's opinion; or, in other words, in the pleader's opinion, such was the means by which the offensive and tumultuous carriage was exhibited to the public. *State* v. *Matthews,* 42 Vt. 542, 552.

*R. P. B. Hewitt,* state's attorney, and *H. S. Peck,* for the state.

The object of the provision of § 87, ch. 15, of the Gen. Sts., was, to apprise the party of the names of the witnesses who would

be used to prove the facts charged in the complaint, and thus to prevent surprise at the trial. The memorandum referred to in said section, is in the nature of a specification, which, when demanded at the proper time, must be furnished. *State* v. *Norton*, 45 Vt. 258. It forms no part of the complaint. But if otherwise, the defect was aided by the motion to amend. *State* v. *Batchelder*, 6 Vt. 479, 488.

The words *vi et armis* are matter of form only, and therefore not a necessary part of the complaint. When the words used are such as sufficiently imply force, the omission to declare *vi et armis*, does not render the complaint obnoxious to a demurrer. *Rex* v. *Wynd et als.* 2 Stra. [834] ; Lord Raym. 985 ; 1 Saund. 81 ; Bac. Ab. Tit. *Indictment*, (G), 6 ; *Brackett* v. *State*, 2 Tyler, 166 ; *State* v. *Munger*, 15 Vt, 296 ; 1 Bishop Crim. Proced. §§ 263, 373, n. 3.

The opinion of the court was delivered by

BARRETT, J. I. It is seldom that this court has been called to sit in judgment on the first point of exception taken in this case. The judicial and professional understanding on the subject is significantly evinced by this, in view of the fact that the omission of the names of the witnesses, entirely or partially, has been of frequent occurrence from the earliest days of the statutory provision in this respect. In the thirty-five years of my connection with the profession, this is the second instance that I now recollect of the point having been made outside of a justice's court. In *State* v. *Norton*, 45 Vt. 258, it seems from the opinion by ROYCE, J., that the point was made in argument, under a demurrer to a complaint. It was held not to be matter to be reached by demurrer, without further discussion. In *Downer* v. *Baxter*, 30 Vt., Judge BENNETT, incidentally, and by way of analogy for illustration, says, the statute requiring the memorandum of names of witnesses to the presentment by town grand jurors, has always been held to be *directory*, and that an omission to annex the names of witnesses to the complaint, was no cause for quashing the proceedings.

II.   The omission of *vi et armis* is not fatal, when the averments in English show that the criminal act was committed with force and violence.

III.   The gist of the offence is the breach of the peace by tumultuous and offensive carriage, by a certain character of acts. When, by any of those acts, or by all of them, a person has broken the peace, he has committed the offence.   When it is affirmatively averred that he did break the peace at a place and time named, by doing specified acts of the kind named, towards or upon a certain named person, the rule of pleading on the subject is fully answered.   " By threatening, * * * beating, and striking Joseph Langlois," is showing the means by which the offence was committed.   It is of the same import as showing the instrument in an indictment for homicide, with which the killing was done ; for instance, " with a gun charged with powder and a leaden bullet ;" or, " with a club then and there held in his right hand."   The means by which the criminal act was done being thus shown in the indictment, the rules of evidence then supervene, and if what is set forth in the allegation is maintained by the evidence, the crime charged is proved to have been committed by the respondent.   It would not have varied the rule and measure of evidence on either side, if it had been said by absolute and independent averment, that the respondent did then and there beat and strike the said Joseph Langlois.   It would have been but showing the means by which he committed the crime of breaking the peace.

Exceptions overruled, and judgment affirmed.

*Note.*—The form devised by Judge WILSON in *State* v. *Matthews*, 42 Vt., is undoubtedly good and sufficient; but it is not to be regarded as being the only good and sufficient mode.