HON. WHEELOCK G. VEAZEY,  
HON. RUSSELL S. TAFT, } ASSISTANT JUDGES.  
HON. JOHN W. ROWELL,

---

### STATE v. JAMES J. PRATT.

*Information. Poisoning Cattle.*

1. It is not necessary that an information should contain the name of the State's attorney in the body of it;
2. Nor the words, *vi et armis*, when other words implying force are used; as "wilfully," "maliciously."
3. The information contained two counts framed upon two sections of the statute, imposing different penalties; the one, upon section 4215, R. L., which reads : "A person who *deposits* any poison . . . : upon *lands* belonging to himself or to another . . . shall be fined," &c.; the other, upon section 4191, R. L., which reads: "or wilfully or maliciously administers poison to such animal, or *exposes* a poisonous substance," &c. The first count did not state on whose *land* the poison was *deposited;* in the second count the word "deposit" was used instead of "expose." *Held,* that both counts are insufficient.
4. R. L., ss. 4215, 4191—Exposing poison on land,—construed.

INFORMATION filed by the State's attorney, charging the respondent with despositing poison on hay, contrary to the statute. Heard on demurrer to the information, June Term, 1881, POWERS, J., presiding. The court, *pro forma*, overruled the demurrer.

*J. K. Darling* and *Perrin & Mc Wain*, for the respondent.

*S. B. Hebard*, for the State.

The opinion of the court was delivered by

VEAZEY, J.   I.   It is insisted that this information is defective because it does not contain the name of the State's attorney in the body of it.   The English form contains the name of the prosecuting officer, and this form has attained in practice in this State.   But all that is required is, that it shall sufficiently appear that the prosecution is by the State's attorney of the county. The statute is as follows :

" State's attorneys may prosecute by information all crimes except," &c. —R. L. section 1618.   This information begins thus :
" STATE OF VERMONT, ) Be it remembered, that at a term of the
  Orange County, ss.  ) County Court, begun and held at Chelsea, within and for the County of Orange, on the 3d Tuesday of December, A. D. 1880, the State's attorney within and for said county, in his own proper person and on his oath of office, gives said court to understand and be informed," &c., and it is signed by " S. B. Hebard, State's attorney."

From this we think it does sufficiently appear that the information was presented by S. B. Hebard as the State's attorney within and for the county of Orange.   The same view was taken by this court as to a town grand juror's complaint in *State* v. *Davis*, 52 Vt. 376.

II.   The words, *vi et armis*, have been held to be unnecessary in several American cases cited in notes to this point in late editions of works on criminal law.   Chitty says, " it seems to be generally agreed that where there are other words implying force, the omission of *vi et armis* is sufficiently supplied."   1 Ch. Cr.

Law, 240. Such was the decision of *State* v. *Hanley*, 47 Vt. 290. This information alleges that the respondent wilfully and maliciously deposited poison on hay. We think this shows the criminal act was committed with force and violence so far as required, without the words, *vi et armis*.

III. The first count is framed upon section 4215 of the Revised Laws, which is as follows :—

" A person who deposits any poison or poisonous substance upon lands belonging to himself or to another person, or in the buildings of another person, shall be fined," &c. ·

The averment is that the respondent deposited poison on the hay of one Spear, without stating upon whose land or in whose building the hay was situated or the act done. This omission is fatal. The statute makes the omission referred to material, and it should have been stated.

IV. The second count was probably intended to be founded on section 4191 of the Revised Laws. This reads as follows :—

" A person who wilfully and maliciously kills, wounds, maims or disfigures a horse, or horses, or horse kind, cattle, sheep or swine of another person, or wilfully or maliciously administers poison to such animal, or exposes a poisonous substance, with intent that the same should be taken by such animal, shall be punished," &c.

The pleader used the word " deposit " instead of the word " expose "; that is, he took the word found in section 4215, instead of the word in section 4191. Courts have rarely held that the exact words of the statute must be used. A well-selected collection of judicial utterances as to how far the statutory term may be deviated from, may be found in note 3, to sec. 612, in Bishop on Crim. Pro., 3d Ed. In this State, in the early case of *State* v. *Little*, 1 Vt. 331, it was held not necessary to charge in the words of the statute, if other equivalent words were used The word " deposit " is not equivalent to the word " expose."· They are not synonymous. They not only do not mean the same thing, but are often, perhaps generally, used to express opposite ideas. Things are often deposited so as not to be exposed, and

for that purpose.   One word scarcely suggests the other.   The uncertainty is increased by the fact that we have two statutes, one providing a penalty for depositing poison in certain places ; the other for exposing it.   It has often been held that an indictment so far lacking adherence to statutory terms that the court cannot see on which of two statutes it was drawn, is bad.   1 Bish. on Crim. Pro., s. 612, 3d Ed. and cases cited in note 1.   We do not hold that the second count as a whole is uncertain to this extent ; but there being these two statutes in which these terms are respectively used, and one imposing a much severer penalty than the other, the necessity for adherence to the statutory word or its equivalent in a count founded on the former, is increased.   The pleader not only deviated from the statutory term, but omitted to use other averments making the intent plain to charge such a crime as the section in question provides against.   He omitted to state how the paris green was exposed, or that it was poisonous to oxen, or was in sufficient quantity to poison them, or where the hay was situated, or that it was accessible to the oxen.   In view of the term used, and of the bald character of the count, there is too much left for inference and argument.

As a count founded on section 4191, we are not satisfied that the offence is set forth with that substantial accuracy and certainty to a reasonable intendment, which is required.   As a count founded on section 4215, it is defective for the same reason stated as to the first count.

The demurrer is sustained, and the information adjudged insufficient.