## STATE v. A. C. LABOUNTY.

### Indictment for poisoning cattle.   Pleading.

1.   In an indictment under R. L. s. 4191 for unlawfully killing a cow, it is
     a sufficient description of the mode of killing to say that it was
     "with and by means of poison."
2.   A count charging the respondent with exposing a poisonous substance
     with intent to kill a certain cow is not bad because it uses the word
     "deposit" after the word "expose," nor because it fails to aver that
     the amount exposed was sufficient to kill.
3.   The words "Paris green" in and of themselves import a poisonous
     substance.

Indictment in two counts for killing a cow by means of
poison.   Heard upon the respondent's general demurrer at the
September term, 1890, Ross, J., presiding.   The court overruled
the demurrer.   Exceptions by the respondent.

The indictment was as follows :

"The Grand Jurors within and for the body of the County
of Franklin aforesaid, now here in court, duly empannelled and
sworn upon their oath present :

That A. C. LaBounty of Franklin, in said County of Frank-
lin on to wit : the 22d day of August, A. D. 1890, at Franklin
aforesaid did feloniously, unlawfully and maliciously kill, with
and by means of poison, one cow, the property of H. Record, of
the value of forty dollars, contrary to the form and effect of the
statute in such case made and provided and against the peace
dignity of the state.

And the Jurors aforesaid upon their oath as aforesaid do
further present that A. C. LaBounty of Franklin, in said County
of Franklin, on the 22d day of August, A. D. 1890, at Franklin,
in said County of Franklin, did wilfully and maliciously expose
and deposit in and upon certain growing corn, fifty grains of a
poisonous substance called Paris green, with intent that a certain
cow, the property of H. Record, should take and eat the same,
and the said cow of the said H. Record, did thereafterwards on

to wit, the 22d day of August, A. D. 1890, at Franklin, aforesaid, eat and partake of said poison so exposed and deposited by the said A. C. LaBounty, and did then and there become poisoned and languishing did die therefrom on to wit, the 26th day of August, A. D. 1890, contrary to the form and effect of the statute in such case made and provided and against the peace and dignity of the state."

*C. G. Austin*, for the respondent.

There are in this state two statutes, one making it an offence to deposit poison upon one's own land, the second to deposit it upon the land of another. The penalties are different. Hence it should clearly appear from the pleadings which offence is charged.

R. L. ss. 4191, 4215 ; *State* v. *Pratt*, 54 Vt. 484.

*A. K. Brown*, State's Attorney, for the state.

The counts are sufficient.

Bish. Dir. & Fr. §§ 709, 713.

The opinion of the court was delivered by

THOMPSON, J. Both counts of this indictment charge offences under R. L. s. 4191.

The first count is good. It charges the killing of a cow, the property of one Record, by respondent, in accordance with the form given in Bishop's "Directions and Forms," Sec. 713, for an indictment under the English "Black Act" creating a felony under the words, "Unlawfully and maliciously kill, maim or wound any cattle." The words, "With and by means of poison," in this count sufficiently charge the mode of killing. The gist of the offence is the felonious, wilful and malicious killing of the animal.

The second count charges the offence of exposing a poisonous substance with intent that a certain cow, the property of a person other than the respondent, should take and eat the same.

The use of the word "deposit" after the word "expose" does not make this count bad.

It is affirmatively charged therein that the respondent wilfully and maliciously exposed a poisonous substance with the specified intent, hence it is not open to the same objection as the information in *State* v. *Pratt*, 54 Vt. 484. It is urged that it is not properly alleged that the substance exposed was poisonous. The words "poisonous substance," used by the pleader, are those of the statute.

The words "called Paris green" are descriptive of the poisonous substance. In *State* v. *Munger*, 15 Vt. 290, the respondent was indicted for selling spirituous liquors by the small measure without a license. It was urged that the indictment was bad for the want of an averment that rum, brandy and gin therein mentioned, were spirituous liquors. The court held that the words in and of themselves imported them to be spirituous liquors. Where words have a settled, uniform and known meaning, and are universally understood as importing certain species or qualities, there is no rule of pleading that requires an averment that they belong to their appropriate genus or possess their appropriate qualities. The words "Paris green," in and of themselves import that "Paris green" is a poisonous substance, the same as the words rum, gin or brandy import that they are spirituous liquors.

It is also argued that this count is bad because it does not contain an averment that the quantity of the poisonous substance exposed was sufficient to kill a cow. No such averment is necessary. The law does not stop to inquire whether the charge of powder behind the attempted assassin's bullet is sufficient to cause it to kill, nor whether the would-be poisoner has so dealt out his poison that it is certain it will cause the death of his intended victim.

The averment as to the "poisonous substance," is substan_

State *v.* Labounty.

tially the same as that in the form of an indictment for poisoning an animal, given in Bishop's "Directions and Forms," Sec. 714. This count is also good.

*Judgment affirmed, and case remanded for trial.*