STATE *vs.* JOSIE OSGOOD.

Knox.    Opinion January 27, 1893.

*Indictment. Pleading. Nuisance. R. S., c. 17, § § 1, 2.*

</div>

An indictment, that charges in the language of the statute, the keeping and maintaining of a certain place, &c., used as a house of ill-fame, to the common nuisance of the people, is sufficient.

ON EXCEPTIONS.

The defendant demurred to an indictment found against her and which charges that she "on the thirteenth day of April, in the year of our Lord one thousand eight hundred and ninety-one, and on divers other days and times between that day and the day of the finding of this indictment, at Rockland aforesaid, in the county of Knox aforesaid, unlawfully did keep and maintain a certain place, to wit: a certain building occupied by the said Josie Osgood as a dwelling, situated on Main street in said Rockland, then and on said divers other days and times there used as a house of ill-fame, then and on said divers other days and times there resorted to for lewdness and gambling, and which said place, being so used as aforesaid, was then and there a common nuisance, to the great injury and common nuisance of all good citizens of said State, against the peace of said State, and contrary to the form of the statute in such case made and provided."

Upon joinder the court overruled the demurrer, and the defendant excepted.

*Washington R. Prescott*, County Attorney, for the State.

*Mortland and Johnson*, for defendant.

The defendant is nowhere charged with keeping and maintaining a nuisance; not even the general charge in the indict-

ment that the defendant kept and maintained a nuisance. It only charges that she " did keep and maintain a certain place, to wit : a certain building occupied . . . as a dwelling," which it says on " divers other days and times there used as a house of ill-fame," and that it was "resorted to for lewdness and gambling " by somebody, but as the courts say in the case of *State* v. *Dodge*, 78 Maine, 439, there is no allegation that it was with the defendant's "consent or knowledge " even.

In *Com.* v. *Stahl*, 7 Allen, 304, the charge was that the defendant " did keep and maintain a certain tenement then and there used for illegal gaming" and the court held that an averment in an indictment, that a person has kept and maintained a tenement used for illegal gaming, does not charge an offense at common law, or one punishable under the general statutes. *Com.* v. *Lambert*, 12 Allen, 178 ; *State* v. *Hussey*, 60 Maine, 410.

HASKELL, J.   Revised Statutes, c. 17, § § 1, 2, among other things, provides that "all places used as houses of ill-fame " are common nuisances ; and "whoever keeps and maintains such nuisance " shall be punished.

This indictment charges that the defendant did keep and maintain a certain place, to wit., &c., used as a house of ill-fame, to the common nuisance, &c., in the precise language of the statute, and is sufficient. *State* v. *Stanley*, 84 Maine, 555 ; *State* v. *Ryan*, 81 Maine, 107.                    *Exceptions overruled.*

PETERS, C. J. ,WALTON, LIBBEY and FOSTER, JJ., concurred.