## THOMAS KELTY v. THE STATE.

1. An indictment under the act of March 31st, 1897 (*Pamph. L., p.* 145), must allege that the sale of liquors was made within two miles of the lands occupied by an incorporated camp meeting association, specifying the name of the association, the grounds so occupied and the place where sale was made.
2. *Quære.* Whether said act is valid.

On *certiorari.*

Argued at November Term, 1897, before Justices VAN SYCKEL, DIXON and COLLINS.

For the plaintiff, *Aaron E. Johnston.*

For the state, *Wilbur A. Heisley,* prosecutor of the pleas.

The opinion of the court was delivered by

VAN SYCKEL, J. The prosecutor is indicted in the Oyer and Terminer of Monmouth county under an act entitled "An act for the punishment of crimes," approved March 31st, 1897. *Pamph. L., p.* 145.

This act provides that " if any person shall sell from any wagon, sleigh or vehicle, within two miles of any incorporated camp meeting association, any spirituous, vinous, malt or intoxicating liquors, such person shall be deemed guilty of a misdemeanor," &c.

This *certiorari* is sued out to test the validity of the indictment.

Unless this act is construed to mean that the sale of liquors is prohibited within two miles of the lands occupied by an incorporated camp meeting, it is too indefinite and uncertain to be the basis of a criminal prosecution. Otherwise, there would be no fixed point from which the measurement of distance could be made.

Whether that meaning can be read into a criminal statute, in order to make it effective, is a question which it is not necessary, for the purposes of the present controversy, to decide.

The indictment charges the offence in the language of the act. Where the language of the statute fully and clearly defines the crime, without leaving anything for implication or construction, it is sufficient to charge the offence in that manner. Here, however, the only interpretation which can uphold the act is that it is intended to forbid the sale within two miles of the grounds of the camp meeting. It is essential, therefore, in order to show that the crime has been committed which the statute, so construed, is designed to suppress, to allege in the indictment that the sale was made within two miles of the lands occupied by an incorporated camp meeting association, specifying the name of the association, the location of the grounds so occupied and the place where the alleged sale was made.

The rule that in indictments for misdemeanors created by statute it is sufficient to charge the offence in the words of the statute, is said in *State* v. *Halsted,* 10 *Vroom* 402, to be always subject to the qualification that the crime must be set forth with clearness and all necessary certainty, to apprise the party accused of the offence with which he stands charged.

The indictment in this case fails to make such allegations, and is, therefore, radically defective and should be quashed.