STATE *v.* FRANK CORCORAN.

October Term, 1900.

Present: TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed November 29, 1901.

*Criminal law—Indictments for statutory offenses*—Though an indictment for a statutory offense is in the language of the statute, it is essential, in determining its sufficiency, to inquire whether its allegations are such as will inform the respondent with reasonable certainty of the offense with which he is charged, and enable him to plead the judgment in bar of a second prosecution.

*Construction of Statutes—V. S. 5128 relating to bucket shops*—V. S. 5128, relating to bucket-shops, contains a complete description of at least two prohibited acts.

*V. S. 5128—Indictment thereunder—The phrase "either on margins or otherwise"*—The first clause of V. S. 5128, relating to bucket-shops, makes it an offense to keep or cause to be kept a place in which the keeper conducts or permits the pretended buying or selling of any of certain articles, without an intention of receiving and paying for the property so bought or of delivering the property so sold. the phrase "either on margins or otherwise," as used in this clause, and the phrase "on margins and otherwise" in an indictment, have no descriptive force and are surplusage.

*V. S. 5128—Indictment thereunder—The phrase "on margins"*—The phrase "on margins" is an essential part of the description of one of the offenses prohibited by V. S. 5128, and it is not here decided whether or not that phrase is self-explanatory.

*Indictment under V. S. 5128—Designation of the place in which the business contemplated by the statute is conducted or permitted*—Though an indictment under V. S. 5128 cannot be sustained unless it contains a sufficient allegation as to the place in which a busi-

ness having the characteristics detailed in the statute is conducted or permitted, still the term bucket-shop, without any further explanation than the language used in the statute gives, is considered to be a sufficient designation of the place. At any rate, the place is sufficiently designated by the phrase "a bucket-shop, namely, an office."

*V. S. 5128—Indictment thereunder—Indictment may be in general words*—An offense under V. S. 5128 consists in the keeping of a prohibited place, and hence an indictment thereunder may be in general words, and need not set forth any particular transactions of pretended buying and selling.

*V. S. 5128—An offense thereunder is a continuous one*—An offense under V. S. 5128, being the keeping of a place in which a certain business is conducted or permitted, is a continuous one.

*Principle of pleading applicable to an indictment under V. S. 5128— Charging an offense which may be committed in several ways*— If an offense, which may be committed in any one of several ways, is in an indictment sufficiently alleged to have been committed in one of such ways, it is immaterial to the sufficiency of the indictment whether or not there is a failure to properly allege the commission of the offense in another of the possible ways.

*Principle of pleading applicable to an indictment under V. S. 5128— Conducting a business implies knowledge, however it may be with permitting*—When an offense, as the keeping of a bucket-shop, may be committed by conducting or by permitting a business, a charge that the respondent conducted it, need not allege that he did so knowingly, since the charge implies knowledge, however it may be with the charge of permitting the business.

*V. S. 5128—Indictment thereunder for keeping a prohibited place— Intention of the keeper is alone material*—To the offense of keeping a bucket-shop, the intention of the keeper of the prohibited place is alone material. That of other persons is not essential, and need not be alleged in an indictment for the offense.

*Pleadings—"Then and there"*—A sentence in an indictment may be so constructed that the words "then and there," once used therein, modify all the allegations of the sentence.

*Indictment under V. S. 5128—Sufficiency of allegations of keeping an office and of buying and selling property*—The keeping of an office, and the buying and selling of property, are amply described in an indictment by the terms ordinarily used in their description.

*Indictment under V. S. 5128—Defenses which need not be anticipated—* In an indictment for keeping a bucket-shop, it is not necessary to

charge that the pretended buying and selling alleged were not in sport or for the purpose of instruction in the methods of commerce. Such possible defenses need not be anticipated by words of exclusion.

*Indictment under V. S. 5128—A charge that a respondent conducted a specified business explains itself*—In an indictment for keeping a bucket-shop by conducting a business essential to the offense, the acts which it is claimed constitute a conducting of the business need not be set forth. Indictments for keeping houses of ill-fame and for keeping and maintaining common nuisances are referred to by way of illustration.

*Pleadings—An allegation that one has conducted a business is a charge that such business existed*—An allegation in an indictment, that the respondent conducted a certain business, is also an allegation of the existence of the business charged to be conducted.

*Forms under V. S. 5128 held sufficient on demurrer*—Two counts in an indictment for keeping a bucket-shop are set out in the statement of the case, they being held clearly sufficient on demurrer.

INDICTMENT in fourteen counts, based upon V. S. 5128 relating to "bucket-shops." The respondent filed a demurrer. Heard upon the demurrer, Caledonia County, June Term, 1900, *Taft,* C. J., presiding. Upon hearing, the demurrer was overruled, the indictment adjudged sufficient, and the respondent adjudged guilty. The respondent excepted, and the cause was passed to the Supreme Court before sentence.

In the first count, which the Supreme Court held sufficient, the grand jurors did present, "that Frank Corcoran, of St. Johnsbury, in the County of Caledonia, on the first day of June, 1900, at St. Johnsbury, in the County of Caledonia aforesaid, did keep, and cause to be kept, a bucket-shop, namely, an office, in which said bucket-shop, namely, said office, the said Frank Corcoran did then and there conduct and permit the pretended buying and selling of stocks, bonds of certain corporations, petroleum, cotton, grain, provisions, pork and other produce on margins and otherwise without any intention of receiving and paying for the property so bought, or of delivering the property so sold, contrary," etc.

The eighth count, which the Supreme Court also held sufficient, was identical with the first, except that the offense was charged to have been committed on the first day of January A. D. 1900, and on divers other days and times between that day and the finding of the indictment.

*Leighton P. Slack,* State's Attorney, for the state.

*Bates, May & Simonds* for the respondent.

MUNSON, J. The indictment is based upon V. S. 5128. The first clause of this section declares that "no person or corporation shall keep or cause to be kept, a 'bucket-shop,' office, store, or other place in which is conducted, or permitted, the pretended buying or selling of stocks or bonds of a corporation, or petroleum, cotton, grain, provisions, pork, or other produce, either on margins or otherwise, without any intention of receiving and paying for the property so bought, or of delivering the property so sold."   The second clause extends the prohibition to the keeping of any bucket-shop, office, store or other place "in which is conducted or permitted the pretended buying or selling of such property on margins." The third and last clause reads as follows: "or when the party buying, or offering to buy such property, does not intend actually to receive the same if purchased, or to deliver it if sold."   A further section provides that it shall not be necessary "that both the buyer and seller agree to do any of the acts" prohibited, but that the offense "shall be complete against a person or corporation, thus pretending or offering to sell, or to buy, whether the offer to sell or buy is accepted or not."

The first clause of section 5128 contains the complete description of a prohibited act, and a like description of another prohibited act is presented by the required substitution of the second clause for the conclusion of the first.   The third clause merely gives a further variation of the particulars which shall be held to constitute an offense against the section, and the

obscurity or inconsistency of its terms cannot embarrass the procedure against an offense elsewhere completely described.

The statute clearly makes it an offense to keep or cause to be kept a bucket-shop or office in which is conducted or permitted the pretended buying or selling of any of the articles named, either on margins or otherwise, without an intention of receiving and paying for the property so bought, or of delivering the property so sold. It also makes it an offense to keep or cause to be kept a bucket-shop or office in which is conducted or permitted the pretended buying or selling of such property on margins. The question is whether either offense is sufficiently charged by this indictment.

The fact that an indictment for a statutory offense is in the language of the statute does not necessarily determine its sufficiency. It is always essential to inquire whether the allegations are such as will inform the respondent with reasonable certainty of the offense with which he is charged, and enable him to plead the judgment in bar of a second prosecution. When a statute is such that the use of the statutory language will not satisfy this requirement, a more particular statement of the offense than that given by the statute is necessary. *State* v. *Fiske*, 66 Vt. 434.

In considering the objections to this indictment the nature of the crime must be kept in mind. The offense is not the making of a pretended purchase or sale, but the keeping of a place where the business of pretended buying and selling is conducted or permitted by the keeper. The several acts of pretended buying and selling are not the matters to be charged in connection with the keeping of the place, but the conducting or permitting of the business of pretended buying and selling.

This distinction between the business and the different acts which constitute the business affords sufficient ground for disposing of several of the objections urged. The offense of con-

ducting an illegal business is a continuous one, and is distinct from the individual acts which may tend to establish the offense. Offenses of this nature may be indicted by general words, and without setting forth any particular acts. 1 Chitty Cr. Law 171, 230; 10 Encycl. Pl. & Pr. 474. So it is not necessary to allege particular sales to persons named or described as unknown, nor to particularize any transaction with reference to the special commodity made the subject of the pretended purchase or sale.

But the indictment cannot be sustained unless it contains sufficient allegations that the respondent kept a bucket-shop, office, store, or other like place, and therein conducted or permitted a business having the characteristics detailed in the statute.

It is said that the term "bucket-shop" has long been used in a sense entirely innocent, and that it cannot be given the meaning now claimed for it without the aid of qualifying or explanatory words. If this were so, the first and eighth counts would not be harmed by the shortage, for these describe the bucket-shop as an office, and an office is one of the places specifically named. But we think it is sufficient to use the term without other explanation than that found in the statute. It is placed in a connection which leaves no doubt as to the sense in which it is used.

The failure to explain or extend the phrase "on margins" is not important as regards a charge in the language of the first clause, for the words "either on margins or otherwise" mean the same as "whether on margins or not;" so the character of the transaction in this respect is immaterial. The offense is the same in either case, and the allegation "on margins and otherwise," having no descriptive effect, may be rejected as surplusage.

A sufficient allegation that the transactions were "on margins" is essential under the second clause of the statute; and we are not now prepared to say whether the use of this term without explanatory language will meet the requirement. The failure to dispose of this point will necessitate an abandonment of those counts which are confined to transactions "on margins," for none of the counts contain anything explanatory of that term.

When an offense is of such a nature that it can be committed by different means or in different ways, it may be charged as having been done by as many means and in as many ways as are included in the offense, and proof of its having been done by any one of the means, or in any one of the ways, will be sufficient.   So if a conducting of the business is properly alleged, the indictment is sufficient in this respect, even though there is a failure to properly allege a permitting of it.

It is not necessary to allege that the respondent "knowingly" conducted the business.   The use of this word is not required when the charge is such as necessarily implies knowledge.   If one can permit the doing of a certain business by another without knowing it, as seems to have been held in some cases, he certainly cannot conduct it himself without knowing it.   The indictment will hereafter be considered as standing upon the charge that the respondent conducted the business.

The indictment is not defective because of the failure to allege a want of intention in parties other than the respondent. The offense is complete when the respondent conducts a business of pretended buying and selling without an intention on his part to receive and pay for the property bought, or to deliver the property sold.

Nor is the indictment defective because of the failure to repeat the words "then and there" in alleging the absence of

intention.    The construction is such that the effect of the phrase as used extends throughout the sentence.    This is apparent when the verb and modifying clause are brought more nearly together by the omission of intervening words.    The charge is that the respondent did then and there conduct and permit the pretended buying and selling of stocks without any intention etc.

It is also claimed that the indictment should state what the respondent did with reference to the place, and what he did in the way of buying and selling, so that the court can see whether his connection with the place was such as to charge him as keeper, and whether his acts were such as would, if real, have amounted to transactions of purchase and sale.    No such particularity of allegation is required.    The keeping of an office and the buying and selling of property are simple matters, and are amply described by the terms ordinarily used.

It is suggested, however, that enough must be alleged to show that the pretended buying and selling were actual transactions, and not things done in sport, nor for the purpose of giving instruction in the methods of commerce as is sometimes done in schools.    The allegation is a complete and accurate description of the offense.    The fact that transactions not criminal are also within the description does not vitiate it.    The pleader was not required to anticipate these possible defences by words of exclusion.    When an allegation of this character is capable of different meanings it is to be construed in a sense consistent with the purpose of the pleader.    *Royce* v. *Maloney,* 58 Vt. 437; *Rex* v. *Stevens,* 5 East 244.

But it is said that the acts which are claimed to have constituted a conducting of the business should be set forth, so that the court can judge whether there was a conducting of the business within the meaning of the statute.    In *State* v. *McMillan,* 69 Vt. 105, the court considered the validity of an in-

dictment under this section. In that case, there was no direct allegation that the business was conducted or permitted by the respondent, and the indictment was held insufficient for this reason. In disposing of the question, the court referred to the precedents for keeping gaming-houses, where the respondent is directly connected with the business by alleging that he caused and permitted persons to come together at his place and remain there to game, and permitted them there to game. These precedents were spoken of as instructive, but it was not held that every allegation less extended would be insufficient, and it remains to be determined whether the direct allegation that the respondent therein conducted such a business is sufficient.

The cases most in point are those which pass upon the sufficiency of indictments for keeping houses of ill-fame, places for gambling, and common nuisances. It has frequently been held upon indictments for statutory offenses of this class that a charge in the language of the statute is sufficient. Where the statutory description is that of a house of ill-fame resorted to for purposes of prostitution and lewdness, it is permissible to charge the offense in these words. *Commonwealth* v. *Ashley,* 2 Gray 356; *State* v. *Toombs,* 79 Ia. 741. An indictment which charges the defendant in the words of the statute with keeping and maintaining a common nuisance, to wit, a building used for the illegal sale and illegal keeping of intoxicating liquors, to the nuisance of all peaceable citizens, is sufficient, without more particularly charging the illegal sale or illegal keeping of intoxicating liquors. *Commonwealth* v. *Kelley,* 12 Gray 175. An indictment charging in the words of the statute that the defendant did keep and maintain a certain place described, used as a house of ill-fame, to the common nuisance etc., is sufficient. *State* v. *Osgood,* 85 Me. 288.

The charge that the respondent kept an office in which he conducted the pretended buying and selling of stocks etc., would seem to be as complete as those sustained in the cases cited.   It is certainly directly alleged that he conducted the business; and the necessity of the further allegation is now put upon the ground that it is required to inform the court of the nature of the charge.   But we think the requirement of the law in this respect is fully met by the charge as presented. Nothing beyond the fair import of the words employed is needed to show that the respondent has committed the prohibited act.   An allegation that the respondent conducted a certain business necessarily covers the existence of that which is conducted.   So the only question is whether the particular manner in which the business is worked up and carried on must be alleged.   To follow the analogy of the precedents in gaming-house cases, the amplified allegation would be that he conducted the business by inviting people to communicate with his office, and by undertaking to make pretended purchases and sales in their behalf, and by making such purchases and sales. But if the statute imposed a penalty for keeping a room and therein conducting the operations of gambling, we apprehend that an allegation that the respondent therein conducted the operations of gambling would be deemed sufficient.   We think that in framing an indictment under this statute a direct allegation that the respondent therein conducted the prohibited business, describing it in the words of the statute, is sufficient.

It is not necessary to examine in detail the fourteen counts of this indictment.   It is clear that the first and eighth counts are sufficient, and the respondent can be sentenced upon these.

*Judgment that there is no error in the proceedings, and that the respondent take nothing by his exceptions.*