## STATE *v.* JACOB AARON.

February Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed May 5, 1916.

*Information—Sufficiency—Following Language of Statute—Negligently Running Automobile.*

An information charging a statutory offence in the language of the statute is sufficient only when it expressly or by necessary implication alleges every fact necessary to constitute the offence.

Where an act is criminal only when done at a particular place, the place becomes a matter of essential description and must be alleged with reasonable certainty, and so under P. S. 4091, as amended by No. 101, Acts 1908, providing that no automobile or motor vehicle shall in a careless or negligent manner run on a public way, nor on a private way laid out under the authority of statute, and P. S. 4092, penalizing a violation of that provision, a complaint charging such violation is insufficient, although following the language of the statute, where it does not specify the particular street on which the alleged offence was committed.

The complaint is bad also for not specifying wherein respondent's operation of the car was careless or negligent, because where, as here, it is not the act itself, but the manner in which it was done, that makes it criminal, the manner must be set out.

COMPLAINT for carelessly operating an automobile, in violation of P. S. 4091. Heard in the City Court of the City of Barre, *Scott,* Judge, on respondent's special demurrer to the complaint. Demurrer overruled and complaint adjudged sufficient to which respondent excepted. Case passed to the Supreme Court before trial on the merits. The opinion states the case.

*W. A. Lord* and *J. Ward Carver* for the respondent.

*Fred E. Gleason,* State's Attorney, for the State.

POWERS, J.   The respondent was arraigned in the city court of Barre on a grand juror's complaint charging him with carelessly operating an automobile on a public highway in that city.   He demurred to the complaint and brings the case here before trial on an exception to the action of the court in overruling his demurrer.

P. S. 4091, as amended by No. 101, Acts of 1908, provides that no automobile or motor vehicle shall be run on a public way or private way laid out under the authority of statute, in a careless or negligent manner.   P. S. 4092 penalizes a violation of this provision.   The complaint charges that the respondent, on a day specified, at Barre, did operate an automobile upon a public highway laid out by authority of statute, in a careless and negligent manner, contrary to the statute, etc.

The complaint is insufficient in two respects:   (1) It does not sufficiently point out the place where the alleged offence was committed; and (2) it does not sufficiently show wherein the respondent's operation of the car was careless.

(1) It is ordinarily sufficient to allege the place where an offence is said to have been committed with particularity enough to show jurisdiction over it.   But where an act is criminal only when done at a particular place, the place becomes a matter of essential description and must be alleged with reasonable certainty.   *State* v. *Cotton*, 24 N. H. 143.   The case in hand is of this class; operating an automobile carelessly is a crime only when it is done on a way laid out by statutory authority.   The city of Barre contains many highways, some of which, no doubt, were made such by dedication, and not by statutory establishment.   It may be that by a proper interpretation of the statute these are not covered; in which case, the respondent would be entitled to know what particular street the complaint refers to, so that he may intelligently investigate the question of its origin; at any rate, the particular place is material and should have been alleged.   *State* v. *Pratt*, 54 Vt. 484.   An indictment under a statute penalizing playing cards in a public place is fatally defective if it fails to state sufficient facts to show that the place where the alleged offence was committed was a public place. *Scribner* v. *State*, 12 Tex. App. 173.   An indictment for selling liquor within a certain distance of a camp-meeting must allege the particular place where the alleged sale was made.   *Kelty* v. *State*, (N. J.) 39 Atl. 711.   An indictment for shooting at a

mark along or across a highway must designate the particular highway referred to.  *State* v. *Hogan*, 31 Mo. 340.

So, too, when it is not the act itself but the manner in which it is done that makes it criminal, the manner must be set forth. In such cases the particular manner becomes a constituent element of the offence.  *State* v. *Verrill*, 54 Me. 408.

It is true that the crime here charged is statutory, and that the complaint follows the language of the statute.  But such a complaint is sufficient only when it charges, expressly or by necessary implication, every fact necessary to constitute the offence.  *State* v. *Perkins*, 88 Vt. 121, 92 Atl. 1.  This is just what the complaint before us fails to do, and the demurrer should have been sustained.

*Reversed and remanded.*