STATE v. SOLOMON WAITE.

January Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed May 2, 1933.

*Cebra Q. Graves* for the respondent.

*Norton Barber*, State's attorney, for the State.

Powers, C. J. The respondent was charged in the Bennington municipal court with illegally fishing in waters inhabited by brook trout. By general and special demurrers he challenged the sufficiency of the complaint, and brings the case here for review on exceptions to the overruling of his demurrers.

The charge is based on G. L. 6375, as amended by No. 141, Acts of 1931, which provides, among other things, that one who takes brook trout between two hours after sunset and one hour before sunrise shall be fined. It also provides that one who, during the close season for brook trout, fishes in waters inhabited by them, shall be fined.

The complaint charges that the respondent, at a time and place named, "fished in water inhabited by brook trout during the close season for said brook trout, to wit, between two hours after sunset and one hour before sunrise," etc. The most important questions raised by the respondent's demurrers relate to the term "close season" and its use in this complaint. If, as urged by the respondent, this term is properly used only with reference to a period between two dates, the demurrers might have to be sustained. But we think that to so hold would be to restrain unduly the application and meaning of the term. It is true that in *State* v. *Theriault*, 70 Vt. 617, 620, 41 Atl. 1030, 1031, 43 L. R. A. 290, 67 A. S. R. 695, the term "close season" is spoken of as "a time in the year when all persons" are prohibited from fishing. But that the Court was not then attempting to define the term is perfectly obvious; for V. S. 4562, then in force, expressly defines "close season" to be "that period of time during which an act is prohibited." With slight but immaterial change in wording, this definition is embodied in G. L. 6332, wherein it is provided that "close season" means "that period of time during which fishing or hunting is prohibited." Thus, any period of time, be it from one day to another day, or one hour of a day to another hour of the same or a succeeding day, is "close season" by statutory fiat. So the period from two hours after sunset to one hour before sunrise is a close season on brook trout and is properly so characterized in this complaint. The pleader makes a correct use of a restrictive and explanatory videlicit, the office of which is to particularize and make clear the general terms just before used. *Clark* v. *Employers' Liability Assur. Co.*, 72 Vt. 458, 466, 48 Atl. 639.

■ The dominant purpose of this legislation is obvious. It is to protect certain fish, brook trout included, from night fishing. The complaint here called in question sets forth all the essential elements of the offense sought to be charged with sufficient clearness and directness to enable the respondent intelligently to meet the accusation, and, if convicted, successfully to protect himself from any attempt to prosecute him again for the same offense. This is what the law requires. *State* v. *Caplan,* 100 Vt. 140, 150, 135 Atl. 705.

■ As to the formal defects specified by the respondent, it is enough to say that we find none that merit special consideration. Perhaps we ought to say, in this connection, that, in harmony with the spirit of the times, this Court pays less attention than formerly to such defects in criminal pleadings. Such defects, if any, should be corrected in the lower court.

■ ■ At the argument we were urged by the State to deny the respondent an opportunity to plead over. We take this occasion to remind counsel that this Court has the power which we are thus asked to exercise. It is in our discretion to grant or deny a repleader. *State* v. *Wilkins,* 17 Vt. 151, 157. Had there been involved here nothing but formal defects, we should have been strongly inclined to accede to the request of the State. But the general demurrer called in question matters of substance and importance, and, on the whole, we think the respondent should be allowed to replead.

*Exceptions overruled, judgment affirmed, and cause remanded for disposition on such plea as the respondent may enter to the merits of the charge brought against him.*