STATE *v.* J. R. WERSEBE.

October Term, 1935.

Present:   POWERS, C. J., SLACK, MOULTON, THOMPSON, and
SHERBURNE, JJ.

Opinion filed November 5, 1935.

P. C. *Warner* for the respondent.

*John H. Webster*, State's attorney, for the State.

SHERBURNE, J. This is a prosecution based upon P. L. 8683, which, so far as material here, provides that "a person who * * * promotes a lottery for money * * *, or disposes of money * * * by a lottery, and a person aiding * * * in so doing, shall be fined * * *." There were numerous counts in the information, but the respondent was only found guilty upon counts 2, 3, 7, and 8. These contained the usual allegations of

time and place and the usual conclusion, and respectively charged as follows:

No. 2. That the respondent "did aid in the promotion of a lottery for money by to wit paying a certain sum of money, to wit, $22.50, for a lottery ticket to one Robert Sullivan."

No. 3. That the respondent "did dispose of money by a lottery, in that, to wit, he did pay a certain sum of money to wit, the sum of $22.50 to one Robert Sullivan on account of a certain lottery ticket held by the said Sullivan."

No. 7. That the respondent "did aid in the promotion of a lottery for money by, to wit, paying a certain sum of money, to wit, the sum of eighty dollars ($80.00) to one John M. Paquette on account of a lottery ticket previously purchased by the said John M. Paquette and then held by him.

No. 8. That the respondent "did dispose of money by a lottery, in that, to wit, he did pay a certain sum of money, to wit, the sum of eighty dollars ($80.00) to one John M. Paquette on account of a certain lottery ticket held by the said Paquette."

Upon the verdict of guilty judgment was entered. As counts 2 and 3 only covered one transaction but one fine was imposed. The same applies to counts 7 and 8.

Both sides have briefed numerous exceptions taken during the trial and we have been furnished with the transcript, but, as the bill of exceptions is only a skeleton bill and in no way refers to the transcript, the exceptions so taken are not brought into the record and are not before us. *O'Boyle* v. *Parker-Young Co.*, 95 Vt. 58, 63, 112 Atl. 385; *Francis* v. *London G. & A. Co.*, 100 Vt. 425, 429, 138 Atl. 780; *In re Estate of Prouty*, 105 Vt. 66, 72, 163 Atl. 566. However, the bill of exceptions does show that after verdict and before judgment the respondent filed a motion in arrest and duly excepted to its denial. Although this motion was not brought into the printed case as it should have been, we treat the exception to its denial

as properly before us and have examined the original motion for its contents.

Omitting the grounds of the motion not briefed, the remaining grounds may be summarized as follows: That a lottery has no settled or technical meaning and that the plan and operation of the scheme so as to show that it was in fact a lottery should have been alleged; that there is no allegation of manner or means, nor that the money was paid out or disposed of by the way of a prize as the result of a hazard or chance, nor that the respondent received a consideration. As to counts 2 and 7 the respondent says that the allegation that he aided in the promotion of a lottery by paying a sum of money goes no further than to allege that he purchased a lottery ticket, which is not a crime under the statute.

It is sufficient to charge a statutory offense in the words of the act if every fact necessary to constitute the offense is charged or necessarily implied by following such language. But if from the nature of the offense the words of the statute do not clearly and definitely apprise the respondent of the offense charged against him, greater particularity must be used. *State* v. *Fiske,* 66 Vt. 434, 436, 29 Atl. 633; *State* v. *Corcoran,* 73 Vt. 404, 408, 50 Atl. 1110; *State* v. *Bannister,* 79 Vt. 524, 526, 65 Atl. 586; *State* v. *Perkins,* 88 Vt. 121, 124, 92 Atl. 1; *State* v. *Aaron,* 90 Vt. 183, 185, 97 Atl. 659. A complaint that fails to allege every fact necessary to constitute the offense charged, though that be statutory, is defective. *State* v. *Perkins, supra; State* v. *Aaron, supra; State* v. *Caplan,* 100 Vt. 140, 150, 135 Atl. 705. Such complaint must set forth the charge with such particularity as will reasonably indicate the offense of which the respondent is accused, and enable him intelligently to prepare his defense, and successfully to plead the judgment if subsequently prosecuted for the same offense. *State* v. *Villa,* 92 Vt. 121, 123, 102 Atl. 935; *State* v. *Caplan, supra; State* v. *Waite,* 105 Vt. 265, 268, 166 Atl. 4.

The word "lottery" cannot be regarded as having any technical legal signification different from the popular one and may be defined as a scheme by which one or more prizes are distributed by chance among persons who have paid or promised a consideration for a chance to win them. 38 C. J. 286; Webster's New International Dictionary, 2nd Ed. In construing the statute we must be guided chiefly by the meaning of the

term as it is ordinarily used in a popular sense, and by reference to the mischief intended to be redressed. *State* v. *Clark*, 33 N. H. 329, 66 A. D. 723.

Where no lottery is authorized, as in Vermont, the cases generally recognize the rule that it is not necessary that a complaint should allege a description of the lottery. 38 C. J. 313, § 58. A few cases are: *Commonwealth* v. *Johnson*, Thacher, Cr. Cas. (Mass.) 284; *Commonwealth* v. *Clapp*, 5 Pick. (Mass.) 41; *Commonwealth* v. *Hooper*, 5 Pick. (Mass.) 42; *Commonwealth* v. *Horton*, 2 Gray (Mass.) 69; *State* v. *Follet*, 6 N. H. 53; *France* v. *State*, 6 Baxt. (Tenn.) 478. This last case, one for selling a lottery ticket, uses some very apt words:

> "In further answer to the argument so much insisted upon, that the indictments do not show that there was any scheme by which prizes of value were to be distributed, we remark that the very definition of a lottery is that it is a game of hazard in which small sums are ventured for the chance of obtaining a larger value either in money or other articles. To charge, therefore, that a defendant sold a lottery ticket necessarily implies that he sold a chance for a prize of value, and if this was not true the defendant could defeat the prosecution by proving, under the plea of not guilty, that no prizes were to be distributed, for in such case there would be no game of hazard."

In *Commonwealth* v. *Sheedy*, 159 Mass. 55, 34 N. E. 84, an indictment charging in the words of the statute that the respondent did dispose of one suit of clothing of the value of thirty-five dollars by way of lottery was held defective because not alleging the name of the person to whom the suit was disposed of, or, if he was unknown, in not stating that fact. In the case before us this omission is supplied. See also *State* v. *Romano*, 101 Vt. 53, 140 Atl. 492, a case under our former prohibitory law, where an information simply charging that the respondent did sell intoxicating liquor to one * * * without authority so to do was held sufficient.

Tested by these rules, as against the objections above made, counts 3, 7 and 8 each set forth all the essential elements of the offense sought to be charged with sufficient clearness and

directness to enable the respondent intelligently to meet the accusation, and, if convicted, successfully to protect himself from any attempt to prosecute him again for the same offense.

Count No. 2, however, is defective in that it apparently charges the respondent with aiding in the promotion of a lottery by simply buying a lottery ticket. We do not think that the statute was aimed at a mere purchaser of a lottery ticket, rather it was enacted for his protection. It is apparent that counts 2 and 3 were based upon but one set of circumstances and attempted to charge but one offense against the statute, although stated in different ways. As the court below so treated these counts and imposed but one fine for both, we hold that, although judgment should have been arrested as to count 2, the error is harmless since count 3 is good.

In some respects count No. 7 is like No. 2, but it differs in that it alleges that the sum of money was paid to a third person on account of a lottery ticket previously purchased by such third person and then held by him. The necessary inference is that such payment represents a prize for the ticket.

Certain other objections are suggested by respondent's brief, but as they were not raised below we do not consider them. *State* v. *Stacy,* 104 Vt. 379, 410, 160 Atl. 257, 747; *State* v. *Storrs,* 105 Vt. 180, 184, 163 Atl. 560.

*Exceptions overruled. Let execution be done.*