## STATE v. BAXTER PRATT.

*Constitutional Law. Statute. R. L. ss. 3951-2. Peddler. Criminal Law.*

That part of section 3952 of the Rev. Laws which requires a license of a person peddling tea, the growth of a foreign country, is in conflict with the Federal Constitution,—ss. 8, 10, art. 1.

INFORMATION filed against the respondent for peddling without a license. Heard on agreed statement, September Term, 1885, Ross, J., presiding. The respondent was adjudged guilty.

*C. A. Prouty, State's Attorney,* for the State.

*Geo. W. Cahoon,* for the respondent.

The statute in question is unconstitutional; because, 1. It assumes the power to "regulate commerce among the states;" 2. Because it absolutely prohibits aliens from being licensed

as peddlers. " No person shall be licensed as a peddler who is not a citizen of some one of the United States," sec. 3954 ; and sec. 3951, imposes a heavy penalty upon every person who becomes a peddler without a license,—denying to one class of persons absolutely, privileges of " acquiring property," by their vocation or trade, granted to another class of persons, citizens by birth or naturalization.

"A state statute providing that no person shall be deemed a peddler by selling articles which are the manufacture of the state, and that no person shall be licensed as a peddler who has not resided one year in the state, and providing penalties for peddling without a license, held unconstitutional, as discriminating against non residents, and assuming the power to regulate commerce among the states." WHEELER, J., in *Matter of Watson*, U. S. D. Ct. Vt. 1882, 28 Alb. L. Jour. 12 ; *Ex parte Commonwealth Virginia*, 100 U. S. 676 ; *Welton* v. *Missouri*, 91 U. S. 275 ; *Brown* v. *Maryland*, 12 Wheat. 419 ; WAIT, C. J., in *Hall* v. *DeCuir*, 95 id. 548-9 ; State Tonnage Tax, 79 U. S. 376 ; *Sherlock* v. *Alling*, 93 U. S. 820 ; *Railroad* v. *Pennsylvania*, 82 U. S. 146 ; *Cook* v. *Pennsylvania*, 97 U. S. 1016 ; *Guy* v. *Baltimore*, 100 U. S. 744 ; *Sewing Mach. Co.* v. *Clark*, 100 U. S. 754 ; *Tiernan* v. *Rinker*, 102 U. S. 103 ; *Mobile* v. *Kimball*, *Ib.* 240 ; *Webber* v. *Virginia*, 103 U. S. 565-7 ; *Walling* v. *People*, U. S. Sup. Ct., Jan. 1886, cited in 33 Alb. L. J. 254 ;. *State* v. *Furbish*, 72 Me. 493 ; *Brown* v. *Houston*, 114 U. S. 631.

The opinion of the court was delivered by

POWERS, J. Sec. 3951 R. L. imposes a penalty upon persons who become peddlers without a license.

Sec. 3952 provides that "a person going from town to town, or from place to place in the same town, on foot or otherwise, carrying to sell, or exposing for sale, goods, wares or merchandize the growth or manufacture of a foreign country * * * shall be deemed a peddler." ·

The respondent among other things carried from town to

town and exposed for sale tea; and he is here prosecuted for peddling without a license. It is answered that so much of section 3952, *supra*, as requires a license from persons peddling tea, an article of foreign growth, is in conflict with the Federal Constitution, and therefore void.

The Constitution in section 8, Art. 1, declares that Congress shall have power " to regulate commerce with foreign nations and among the several states"; and in s. 10, that " no state shall without the consent of Congress lay any imports or duties on imports or exports."

In Art. 6, it is declared that : " This Constitution and the Laws of the United States which shall be made in pursuance thereof * * * shall be the supreme law of the land; and the judges in every state shall be bound thereby, any thing in the constitution or laws of any state to the contrary notwith-standing "; and in Art. 3, s. 2 : " The judicial power" (of the United States) " shall extend to all cases in law and equity arising under this Constitution." * * *

The construction therefore given to the clauses of the Con-stitution above referred to, by the Supreme Court of the United States is conclusive upon this court.

In *Brown* v. *The State of Maryland*, 12 Wheat. 419, it was held that a tax upon the *sale* of an article was in legal effect a tax upon the *article itself*, and that the law of the state of Maryland requiring persons to take out a license for selling imported goods in the original package was in conflict with the Constitution in that it purported to tax an import and sought to regulate commerce with foreign nations. The opinion of Ch. J. Marshall in that case is exhaustive and it has stood for more than half a century as the settled and unquestioned doctrine of the subject.

In *Welton* v. *The State of Missouri*, 91 U. S. 275, decided in 1875, the question again arose upon a statute of Missouri which required a license of peddlers selling goods not the growth, produce or manufacture of that state ; and it was argued that the license fee was a mere tax upon the occupation or

State *v.* Pratt.

calling of the peddler and not upon the goods themselves. But the court said : " Where the business or occupation consists in the sale of goods the license tax required for its pursuit is in effect a tax upon the goods themselves." The court held that the Missouri statute was in conflict with the Constitution as an attempted regulation of commerce between the states. It permitted the free sale of goods which were of the growth or manufacture of Missouri but taxed the sale of those of the growth of other states.

The same rule obviously must apply to a statute which permits the free sale of goods of Vermont growth or manufacture but taxes the sale of those grown in foreign countries, inasmuch as the clause giving to Congress the power to regulate commerce specifies inter-state and foreign commerce in the same section.

Under our system of dual government wherein two co-existing jurisdictions are exerted over the same territory and people, it is of the highest importance that legislation in each be restricted to the proper boundaries that circumscribe it. Free intercourse and trade between the states and with foreign countries can be safely regulated only by that jurisdiction that looks to the general interests of the nation as a whole rather than the special advantage of a particular locality. The clauses of the Constitution referred to, are couched in clear and explicit language and the cases cited are directly in point.

The judgment of the County Court is reversed, and judgment upon the agreed facts is rendered that the respondent is not guilty, and that he be discharged.