# SAMUEL G. ACTON vs. THE STATE OF MARY-LAND.

*Boundary of Anne Arundel County—Criminal Pleading—Venue—Judicial Notice of Territorial Divisions of the State.*

The jurisdiction of the Circuit Court for Anne Arundel County extends to the channel of the Patapsco River.

In a criminal information the venue is sufficiently laid when the county is named in the margin and the place where the offence was committed is named in the information as being in the county aforesaid.

The Court will take judicial notice of the civil divisions of the State created by statute.

Appeal and writ of error from the Circuit Court for Anne Arundel County. The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*Robert Moss* and *James M. Munroe* for the appellant.

*John Prentiss Poe, Attorney-General,* and *E. C. Gantt* for the appellee.

PAGE, J., delivered the opinion of the Court.

The information of the State's Attorney for Anne Arundel Co., upon which this case was prosecuted, is as follows: " *State of Maryland, Anne Arundel County, to-wit:*

THE STATE OF MARYLAND ⎫ charged, &c.

        *vs.*    ⎬ In the Circuit Court for Anne Arundel Co. Criminal In-

SAMUEL G. ACTON. ⎭ formation.

The above entitled case having, &c., &c., and Edward C. Gantt, the said State's Attorney for said county, having investigated, &c., &c., now comes into said Court, and for

and in behalf of the State of Maryland, upon his official oath gives the said Court here to understand and be informed, that Samuel G. Acton, late of the county aforesaid, on the tenth day of June, in the year of our Lord eighteen hundred and ninety-four, the same day and year aforesaid being the Sabbath day, commonly called ' Sunday,' at a building erected in the waters of a navigable river, to-wit, the Patapsco River, at a place in said river situate below the head of said river, and below the southermost great branch of said river, and on the south side of the channel of said river, and distant less than one hundred yards of the land shore of the first precinct of the fifth election district of the county aforesaid ; said building, erected as aforesaid, being contiguous to the land of the said first precinct of the fifth election district of the county aforesaid, unlawfully, &c., &c." The defendant pleaded want of jurisdiction, because the place alleged, as that where the alleged offence was committed, was not within the limits of Anne Arundel County. To this plea the State interposed a demurrer, which was sustained, and judgment thereon rendered.

According to well-settled principles, a demurrer brings under review by the Court all the pleadings in the case. And this being so, the sufficiency of the information is before us in the same manner and to the same extent as if the demurrer had been interposed by the traverser.

The questions presented, therefore, are: 1st. Has the Circuit Court for Anne Arundel County jurisdiction over that part of the Patapsco River which is described in the information ; and 2nd. If it be determined that it has, are the allegations in the information as to the venue sufficient in law.

1st. By the Act of 1698, ch. 13, Baltimore County embraced a portion of what is now Anne Arundel County. By the Act of 1726, ch. 1, it was enacted, that from and after the last day of May, 1727, the land lying on the south side of Patapsco River, and contained within the bounds following, viz: From the mouth of said Patapsco River

with the said river to the head thereof; and from
thence, bounding on the south side of the main falls, being
the southernmost great branch of said river, and run-
ning as the said branch runs to the first main fork of
the said falls; then bounding on the south side of the said
southermost fork, till, &c., &c., shall be and forever here-
after deemed as part of Anne Arundel County." In the
case of *Raab* v. *The State*, 7 Md. 497, JUDGE TUCK deliv-
ering the opinion of the Court, said: " It is manifest that
the river, after this Act, remained as it had been for many
years, within the limits of Baltimore County, and that the
jurisdiction of these counties adjoined on its southern shore,
unless affected by the Act of 1704, ch. 92 (now codified as
sec. 135 of Art. 75 of the Code), which provides that every
county lying on any navigable river in this province shall
extend its jurisdiction from the shore to the channel of such
river that divides the counties, and be divided from the other
county by the channel of the said river; and, under this
Act, if applicable, the river, as far as the channel, remained
in Baltimore County and subject to the jurisdiction of its
Courts." So that, under this decision, it is clear that if the
Act of 1704, ch. 92, is applicable, the jurisdiction of Anne
Arundel County must extend to the channel of the river,
and will include all that space which lies between the limits
of Anne Arundel County as described in the Act of 1727,
and the channel. And we are of the opinion that such is
the proper application of that Act. We adopt on this point
the views so well expressed by JUDGE BREWER in his opinion
on deciding in the lower Court in *Raab* v. *The State* (*supra*),
as found on page 486 of the printed report. That learned
Judge, in dealing with the contention that the Act of 1704
applied only to the counties mentioned in the Act, said: " I do
not think it is so confined. A part of the State only was,
at that time, laid off into counties. It must have been then
contemplated to lay off other counties. The bounds be-
tween Cecil and Kent and the upper bounds of Cecil were
not accurately defined, nor the bounds of Talbot on every side,

nor were the upper bounds of Baltimore and Prince George's. Some of the other counties thereafter to be laid off might be bounded by navigable rivers, and the object of the Act of 1704, although it refers only to the counties already laid off, seems to be to establish a rule applicable to all similar cases. The language of the law in the enacting part of the clause is very general, 'that every county lying on any navigable river.' The Legislature is establishing a rule applicable to a particular class of cases, and why should not the rule apply to all subsequent additions to that class?" This Act has been codified as sec. 135 of Article 75, and differs from the Act as originally passed, only in the respect that it is not made to apply "where a dividing line has been fixed in such river by law." No such line has been fixed with respect to Anne Arundel. By the adoption of the Code this section became the law of the State, and is now applicable, whatever may originally have been the design of those who enacted it, to every county lying on navigable rivers in the State, except " where a dividing line has been fixed in such river by law."

. 2nd. The rule in setting out the venue is well stated in 1 *Chitty on Crim. Law*, 194, as follows : " In the body of the indictment also, the facts should in general be stated to have arisen in the county in which the indictment is preferred, so that it may appear that the offence was within the jurisdiction of the Court; and therefore, if a parish, vill or other place where the offence or part of it occurred be stated without naming the county in the margin or expressly referring to it by the words ' the county aforesaid,' the indictment will be defective." See also 1 *Wharton Am. Crim. Law,* sec. 223, *et seq.;* 1 *Bishop on Crim. Procedure,* sec. 101, *et seq.*, and authorities there cited.

In the margin of the information are named the county and State, and in the body the place is described, " at a building erected in the water of a navigable river, at a place in said river situate below the head of said river, and below the southermost great branch of said river, and on the

south side of the channel of said river and distant less than one hundred yards of the land shore of the first precinct of the first election district of the *county aforesaid.*" The Court will take judicial notice of the civil divisions of the State created by statute, *The People* v. *Breese*, 7 Cowen, 430, and therefore inasmuch as the bounds of Anne Arundel are fixed by statute, and the jurisdiction of the county is fixed to the centre of the channel by the Act of 1704, and in addition thereto the county is expressly named in the margin, it would seem the *venue* is sufficiently laid. What we have said has no reference to the 286th section of Article 27 of the Code. Whatever may be the proper construction of that Act, we are of opinion that by the ordinary rules of criminal pleading the information must be sustained.

Finding no error in the ruling of the Court below, the judgment will be affirmed.

*Judgment affirmed.*

(Decided March 1st, 1895.)