STATE *v.* F. B. BROWN, APT.

May Term, 1900.

Present : ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed August 30, 1900.

*V. S. 4821—Complaint for keeping dog not licensed according to law—Complaint insufficient on demurrer—*A complaint, the substance of which was that the respondent, on April 1 of a given year, kept a dog more than eight weeks old, not licensed according to law, was insufficient on demurrer.

*Same—V. S. 4822*—A complaint which, as amended, set out that the respondent, on June 1 of a given year, kept a dog more than eight weeks old, not licensed according to law, was insufficient on demurrer. The dog might have been brought from without the State within ten days of June 1, or it might have become eight weeks old within that period, and in either case it would have been lawfully unlicensed on June 1.

*V. S. 4826—Complaint should state facts constituting the offense charged*—A complaint should contain a statement of the facts and circumstances necessary to constitute the offense sought to be charged.

*Grand juror's complaint not amendable in substance in appellate court*—A grand juror's complaint is not, in the appellate court, amendable by the state's attorney in matter of substance.

APPEAL from the judgment of a justice on a town grand juror's complaint against the respondent for keeping a dog not licensed according to law. Heard on demurrer, Lamoille County, December Term, 1899, *Taft*, C. J., presiding. Pending the demurrer, the court, against the objection of the respondent, permitted the state's attorney to amend the complaint. Demurrer overruled and amended complaint adjudged sufficient. The respondent excepted, and the cause was passed to the Supreme Court before final judgment.

The original complaint charged, in substance, that the respondent at Belvidere in Lamoille County, on the first day of April, 1899, kept a dog, more than eight weeks old, not then and there registered, numbered, described and licensed according to law. By the amendment referred to, the date of the alleged unlawful keeping was changed from April 1, 1899, to June 1, 1899.

The amendment of V.S. 4821 by No. 97, Acts of 1900, may be noted.

*L. J. Thompson*, State's Attorney, for the State.

*B. A. Hunt* for the respondent.

WATSON, J. The owner or keeper of a dog more than eight weeks old shall annually cause it to be registered, numbered, described, and licensed on or before the first day of April, for

one year from that date, and pay for such license one dollar for each male or spayed female and four dollars for each female dog ; and when not thus paid, the owner or keeper may procure a license on or before the fifteenth day of May, by paying two dollars for each male or spayed female and four dollars for each female dog.   V. S.   4821.   And if, after the fifteenth day of May, a person becomes the owner or keeper of a lawfully unlicensed dog, he may have such dog licensed within ten days after he becomes the owner or keeper.   V. S. 4822.

The law contemplates that a license tax shall be paid on every dog more than eight weeks old which may be lawfully owned or kept, and the provisions of the latter section are applicable to dogs brought from without the State subsequent to the time when they could be licensed under the provisions of the former section, and to such as become more than eight weeks old after that time.   In either case the owner or keeper has ten days in which to pay the tax, and within that time he is not keeping a dog contrary to the provisions of law referred to in V. S. 4826, upon which the complaint is based.

If the dog named in the complaint was lawfully unlicensed because brought from without the State within ten days prior to the first day of April, 1899, or because it was not more than eight weeks old until within that time, the respondent had all of that day in which to have it licensed, and he would not be guilty of keeping the dog contrary to law during the time.

The complaint does not contain a statement of the facts and circumstances necessary to constitute the offense sought to be charged, on the day therein named, and it was therefore insufficient before the amendment.   1 Bish. Cr. Pro. sec. 325.   Nor is it sufficient as amended.   Ten days may not have elapsed after the dog was first brought into the State, or after it was eight weeks old, and before the first day of June, 1899, without which the respondent would not be guilty of then keeping the dog contrary to law.

The complaint, being defective in substance, is not amenda-able. *State* v. *Wheeler*, 64 Vt. 569.

*Judgment reversed, demurrer sustained, complaint adjudged insufficient and quashed.*