CITY OF FREMONT, APPELLEE, v. POSTAL TELEGRAPH-CABLE COMPANY, APPELLANT.

FILED MAY 3, 1919.   No. 20419.

1. **Constitutional Law:** OCCUPATION TAX. Where a proper basis for classification exists, a tax imposed upon all persons or companies engaged in a certain occupation does not deny the equal protection of the law guaranteed by the Fourteenth amendment.

2. **Licenses:** REASONABLENESS. The reasonableness of a tax does not depend upon whether or not a hardship may be worked in an isolated case, but upon the general operation of the tax in the class to which it applies.

City of Fremont v. Postal Telegraph-Cable Co.

3. ———: AMOUNT. In imposing an occupation tax for revenue purposes upon a telegraph company doing an intrastate business, a city is not limited to the mere rental value of the city's property occupied by defendant's poles and wires and the expenses arising from their supervision, but the extent of the tax is a matter for the judgment and discretion of the municipal government, subject only to the restriction that it must not be prohibitory.

4. ———: REASONABLENESS. Mere proof of loss in operation for a period of two years by an individual telegraph company, without showing what the volume of business available in the municipality is, or what portion thereof is done by such company, or what facilities it has for handling the business offered, is insufficient to show that an annual occupation tax of $60 imposed for revenue purposes on the privilege of doing an intrastate business in a city of over 8,000 inhabitants is unreasonable.

5. ———: OCCUPATION TAX: TELEGRAPH COMPANY. In imposing an occupation tax for revenue purposes, a municipality acts as the agent of the state, and where such tax is imposed on a telegraph company doing both an intrastate and an interstate business, any deficit arising from the payment of a tax on the privilege of doing an intrastate business within the municipality becomes a charge on the revenue such company obtains from its intrastate business as a whole, and the tax does not become a burden upon the company's interstate business merely because the amount imposed by the municipality is greater than the company's net receipts in that municipality for intrastate business.

6. ———: INTERSTATE COMMERCE. The tax imposed *held* not to be a charge on interstate commerce.

APPEAL from the district court for Dodge county: FREDERICK W. BUTTON, JUDGE. *Affirmed.*

*Dysart & Dysart* and *William W. Cook,* for appellant.

*J. F. Rohn* and *C. E. Abbott, contra.*

MORRISSEY, C. J.

In 1903 the Postal Telegraph-Cable Company applied for a franchise in the city of Fremont and was granted the right to carry on a telegraph business therein for a period of 25 years. At that time the city had an ordinance, which is still in force, imposing an occupation tax of $60 a year on the business of transmitting and receiving interstate telegraph messages. The telegraph

company paid this tax, without protest, up to 1910, when it refused to make further payments. It did, however, through an alleged mistake on the part of one of its departments, make payment of the tax for the year 1914. The city now sues to collect the tax for the years 1915 and 1916. The court directed a verdict for plaintiff, and the telegraph company appeals.

The right of a municipality of the class to which plaintiff belongs to impose an occupation tax of this character, if it be reasonable, has already been determined by this court. *Western Union Telegraph Co. v. City of Fremont*, 39 Neb. 692; *Western Union Telegraph Co. v. City of Fremont*, 43 Neb. 499. And where a proper basis for classification exists, such a tax, if made applicable to all persons or companies in the occupation taxed, as in the present instance, does not deny the equal protection of the law guaranteed by the Fourteenth amendment. 6 R. C. L. 375, sec. 370.

On behalf of defendant it is argued that this tax is unreasonable; that the intrastate message receipts of defendant's Fremont office, after payment of other expenses, are insufficient to pay the tax; that a part of such tax must be paid from the proceeds of interstate messages; that such payment casts a burden upon interstate commerce, and the tax is therefore violative of the federal Constitution.

The proof in support of these allegations shows that during the years 1914 and 1915 defendant's Fremont office was operated at a loss, and that a payment of the tax for these two years would occasion deficits on defendant's intrastate business at Fremont of $143.73 and $128.45, respectively. No figures are offered for any of the preceding years. But, even if the evidence at hand is sufficient to warrant us in assuming antecedent and prospective losses in the operation of defendant's business at Fremont, we do not regard this as a satisfactory test of the reasonableness or unreasonableness of the tax involved. Defendant's losses may be due to

conditions for which it is itself responsible. The reasonableness of a tax does not depend upon whether or not a hardship may be worked in an isolated case, but upon the general operation of the tax in the class to which it applies. *Ohio River & W. R. Co. v. Dittey,* 203 Fed. 537. As said by Justice Lumpkin in *Mayor & Aldermen of Savannah v. Cooper,* 131 Ga. 670: "A city tax on an occupation must be reasonable with reference to such vocation. This does not mean that it must be adjusted to the amount of business of each individual, or limited exclusively by the receipts of some particular individual, but, considering that business within the municipality as a whole, the tax must be reasonable, and not arbitrarily discriminatory."

The tax in question is not a mere license or regulation measure, but one designed for revenue purposes. The statute authorizing its imposition and the ordinance fixing its amount both clearly so designate it. The city is not limited to the mere rental value of the public property occupied by defendant's poles and wires and the expenses arising from their supervision, and hence defendant's evidence on these points can only be of incidental significance. The extent of the tax is a matter for the judgment and discretion of the municipal government, subject only to the restriction that it must not be prohibitory. 2 Cooley, Taxation (3d ed.) 1139, 1140.

Is the tax in question, when considered as a revenue measure, so unreasonable in amount as to be prohibitory? Mere proof of loss in operation for a period of two years by an individual telegraph company, without showing what the volume of business available in the municipality is, or what portion thereof is done by such company, or what facilities it has for handling the business offered, is insufficient to show that an annual occupation tax of $60 imposed for revenue purposes on the privilege of doing an intrastate business in a city of over 8,000 inhabitants is unreasonable.

Defendant further contends that the tax is violative of the commerce clause of the federal Constitution. The argument on this point may be summarized as follows: Section 7408, Rev. St. 1913, requires a telegraph company to transmit messages, on demand, between its several offices in Nebraska. The intrastate receipts at defendant's Fremont office are insufficient to pay this tax together with other expenses. A portion of the tax must therefore be paid from the receipts on interstate messages. Such payment casts a burden on interstate commerce and is violative of the federal Constitution.

Defendant's proof shows that not only its intrastate, but also its interstate, business at Fremont was conducted at a loss during the years for which figures are given. Is this tax, then, a burden on interstate commerce? In imposing an occupation tax for revenue purposes, a municipality acts as the agent of the state, and where such tax is imposed on a telegraph company doing both an intrastate and an interstate business, any deficit arising from the payment of a tax on the privilege of doing an intrastate business within the municipality becomes a charge on the revenue such company obtains from its intrastate business as a whole, and the tax does not become a burden upon the company's interstate business merely because the amount imposed by the municipality is greater than the company's net receipts in that municipality for intrastate business. If this revenue is insufficient section 7409, Rev. St. 1913, provides a remedy.

The judgment is

AFFIRMED.

CORNISH and SEDGWICK, JJ., not sitting.