STATE *v.* LOUIS CAPLAN.

October Term, 1926.

Present:  WATSON, C. J., POWERS, SLACK, and FISH, JJ., and MOULTON, Supr. J.

Opinion filed January 8, 1927.

*Automobiles—Motor Vehicles Act—Operation of Motor Bus by Non-Resident Owner—Criminal Law—Requisites of Complaint—Sufficiency of Complaint Under Acts 1925, No. 70 against Non-resident Owner of Motor Bus Operated in State without Registration—Demurrer as Admission of Facts Charged—Allegation of Matters of Which Court Will Take Judicial Notice—Judicial Notice of Geographical Matters—Reciprocal Provisions in Motor Vehicles Act Affecting*

*Respondent Matter of Defense—Effect of Non-resident Owner Operating Motor Bus More Than 30 Trips in State without Registration—Police Power—Motor Vehicle Registration Charge as Excise Tax—Power of Legislature to Tax Motor Vehicles—Classification for Purposes of Taxation—Discrimination Against Non-resident Not Permissible—Invalidity of Act May Only Be Asserted by One Adversely Affected—Power of Legislature To Prescribe Conditions for Use of Highways for Commercial Purposes—Question Raised by Demurrer to Complaint—What May Be Considered on Demurrer—"Speaking Demurrer" Properly Overruled—Constitutional Law—Interstate Commerce—Power of States in Matters Affecting Interstate Commerce—Constitutionality of Motor Vehicles Act.*

1. Under Acts 1925, No. 70, a New Hampshire owner of a motor bus lawfully registered in that state, but not registered in Vermont, who has caused it to be operated on a regular schedule over a certain highway of this State for more than 30 trips within year, is not entitled to exemption provided for in section 64 of such act, being thereunder a resident as to trips in excess of 30, unless excluded from that classification under reciprocal provision of section 3 of such act, and, whether considered as resident or non-resident, registry of his motor bus was required of him before he could lawfully make his thirty-first trip.

2. A criminal complaint which fails to allege every fact necessary to constitute offense charged, though it be statutory, is defective and demurrable.

3. Such complaint must set forth charge with such particularity as will reasonably indicate offense of which respondent is accused, and enable him intelligently to prepare his defense, and successfully to plead judgment if subsequently prosecuted for same offense.

4. Complaint under Acts 1925, No. 70, charging that respondent, being a non-resident owner of a certain motor bus duly registered in New Hampshire, caused it to be operated for more than 30 trips within year, on regular schedule over certain highway in Vermont while not registered as required by said act, *held* to charge offense with sufficient particularity to rea-

sonably indicate offense charged, and enable him intelligently to prepare his defense, and successfully plead judgment if subsequently prosecuted for same offense.

5. By demurring to such complaint, in which basis of charge was operation of an unregistered motor vehicle on highway, respondent admitted charge made.

6. As one need allege no more than he is required to prove, facts of which court will take judicial notice need not be alleged.

7. Court will take judicial notice of geography of State, including location and extent of various towns therein.

8. Court will take judicial notice of location and general extent of other states, but not ordinarily of location or extent of their political subdivisions.

9. Court cannot say as matter of judicial knowledge that some point in Grafton, New Hampshire, is not, measured by nearest road, more than 15 miles from boundary between New Hampshire and Vermont, which itself is known as matter of common knowledge to be in dispute.

10. Complaint charging violation of Acts 1925, No. 70, by New Hampshire owner of motor bus registered therein, causing it to be operated for more than 30 trips within year, on regular schedule over certain highway in Vermont while not registered as required by said act, *held* not defective in failing to allege that under reciprocal provision of section 64 of such act, New Hampshire statute did not affect respondent's situation.

11. Under such complaint, if such reciprocal provision affected respondent in way to protect him from charge, it was matter of defense only.

12. Resident of New Hampshire owning motor bus registered therein, but not in Vermont, after he had made 30 regular trips within year over certain highway in Vermont became a violator of its law by making any further trips over such route during year.

13. Regulation of motor vehicles upon public highways in order to conserve safety and general welfare of people is an attribute of police power of State.

14. Motor vehicle registration charge, so long as it is exacted as a mere incident of lawful regulation is a fee and not a tax, but when revenue is primary purpose of its exaction, it is a tax.

15. Registration charge for motor vehicles imposed by Acts 1925, No. 70, *held* to have been enacted under taxing power and to be an excise tax, fees thereunder being fixed with a view to pro-

duction of revenue rather than merely to cover expense of regulation and supervision.

16. Legislature has power to impose excise tax for registration of motor vehicle.

17. Legislature has power of classification for taxation purposes, and is vested with a very wide, but not unlimited, discretion in such matter.

18. Sole requisite for validity of any classification for purposes of taxation that Legislature may adopt is that it shall be based upon a rational ground—some difference that bears a just relation to purpose to be served.

19. That Motor Vehicles Act (Acts 1925, No. 70), puts self-propelled vehicles in class by themselves, and results in their taxation in different way or to greater extent than horse-drawn vehicles using highways, does not render act unconstitutional as making arbitrary, unreasonable, or discriminatory classification.

20. That such act by its classification separates commercial cars from other motor vehicles, does not render act unconstitutional as making arbitrary, unreasonable, or discriminatory classification.

21. That under such act commercial vehicles are subdivided according to their use and load, does not render act unconstitutional as making arbitrary, unreasonable, or discriminatory classification.

22. That under such act busses are sub-classified according to their loaded weight, does not render act unconstitutional as making arbitrary, unreasonable, or discriminatory classification, since weight has such a necessary and obvious relation to road-wearing qualities of vehicles.

23. That such act imposes excise tax on non-resident owner operating motor vehicle on highways of State, does not render act unconstitutional as making arbitrary, unreasonable, or discriminatory classification.

24. Such act is not unconstitutional as making arbitrary, unreasonable, or discriminatory classification, by its reciprocity provision, which promotes convenience of owners and prevents relative hardship of having to pay full registration fee for a brief use of highways; nor by provision relating to zone registration, which grants limited use of highways at nominal fee by way of reciprocity.

25. State cannot pass a valid tax law which discriminates against a non-resident.

26. That by Motor Vehicles Act (Laws 1925, No. 70), non-resident owner of motor bus registered in state of domicle, after operating it for 30 trips on regular schedule over highways of Vermont was required, upon additional similar operation within year, to pay same tax required from resident bus operator, does not render act unconstitutional as making arbitrary, unreasonable, or discriminatory classification.

27. One cannot be heard to assert invalidity of act, unless his rights are adversely affected thereby.

28. That under Motor Vehicles Act (Acts 1925, No. 70) persons domiciled outside State are so classified that some have to pay higher tax than others is not of itself unlawful discrimination.

29. Highways being primarily for use in ordinary way, for carriage of persons and property for non-commercial purposes, use of them for direct financial gain may be conditioned very much as Legislature deems proper.

30. Question raised by demurrer to complaint is whether facts charged constitute an offense, in determining which only what appears in complaint, together with facts of which court can take judicial notice, are for consideration.

31. When pleading is challenged by demurrer no facts *de hors* record are for consideration, even though they be conceded at hearing.

32. Although one of specified grounds of demurrer to complaint, charging non-resident owner of motor bus with its operation in this State when not registered in accordance with Motor Vehicles Act (Acts 1925, No. 70), was that such statute interferes with interstate commerce, where complaint merely shows that respondent lived in New Hampshire and operated motor bus in Vermont, and nothing was said about interstate commerce or anything requiring inference that he was engaged therein, no question of interstate commerce is raised, since to allow specification of cause to have force of an assertion of fact would be to make demurrer "speak," and a speaking demurrer is properly overruled.

33. Provision of federal Constitution covering interstate commerce is not self-executing, and there are incidental matters connected with it over which states have measure of authority

until and unless Congress takes action thereon, so that when subject is local and limited in character and operation, state may legislate until Congress assumes control over it.

34. Power left with states to legislate on matters local and limited in character and operation affecting interstate commerce must be so exercised as not unreasonably to affect interstate traffic.

35. Commerce clause of federal Constitution is not limitation upon proper and reasonable exercise of police power abiding in State, hence so far as Motor Vehicles Act (Acts 1925, No. 70) regulates motor vehicles in interest of public safety and welfare its validity cannot be questioned.

36. A state may exact a reasonable excise tax for use of its highways by motor vehicles engaged in interstate commerce.

37. Motor Vehicles Act (Acts 1925, No. 70), in which provision is made for a charge on motor vehicles owned by non-residents maintaining a regular schedule of more than 30 trips in any calendar year over highways of State, *held* not unconstitutional as an unwarrantable interference with interstate commerce.

INFORMATION for violation of Motor Vehicles Act, by operation of an unregistered motor bus on highways of State. Heard on demurrer to complaint, by Hartford municipal court, *A. G. Whitham*, Judge. Demurrer overruled, and complaint adjudged sufficient. The respondent excepted. The opinion states the case. *Affirmed and remanded.*

*Raymond Trainor* and *Stanley C. Wilson* for the respondent.

The complaint does not contain a statement of the facts and circumstances necessary to constitute offense charged, hence is defective in substance. *State* v. *Brown,* 72 Vt. 410; *State* v. *Perkins,* 88 Vt. 121; *State* v. *Aaron,* 90 Vt. 183; *State* v. *Insley,* 64 Md. 28, 20 Atl. 1031; *United States* v. *Cruikshank,* 92 U. S. 542, 23 L. ed. 588, 593; 28 Cyc. 49.

Court will take judicial notice of location of towns in this State, and of well-known geographical facts, including location of towns contiguous to boundaries of State. *Lynch* v. *C. V. Ry. Co.,* 89 Vt. 363, 368; 23 C. J. 78, § 1860; 4 Wigmore on Ev., § 2575: *Silgbert* v. *Stiles,* 39 Wis. 533.

The disposition of the automobile fees imposed under Motor Vehicles Act, received by Secretary of State, conclusively indi-

10

cates that they are imposed as a tax, and not under the police power. G. L. 4722, as amended by Acts 1919, No. 122, Acts 1921, No. 141, and Acts 1925, No. 71; Acts 1923, No. 7, section 13; State v. Hoyt, 71 Vt. 59; State v. Pratt, 59 Vt. 590; State v. Shedroi, 75 Vt. 277; State v. Scampini, 77 Vt. 92, 115; State, etc. v. Hoboken, 41 N. J. Law, 71; Royall v. Virginia, 116 U. S. 572, 29 L. ed. 735, 738; Commonwealth v. Stodder, 2 Cush. 562, 573; State v. Moore, 113 N. C. 697, 22 L. R. A. 472; Cooley's Const. Lim. (6th ed.) 611; 37 C. J. 169, § 6; New York v. Second Ave. R. Co., 23 N. Y. 261; Ward v. Maryland, 12 Wall. 418, 20 L. ed. 449; Opinion of the Justices (Mass.) 146 N. E. 651, 654.

Motor Vehicles Act (Acts 1925, No. 70) is unconstitutional because of the discriminations and classification permitted thereby.

Classification to relieve law from charge of denial of equal protection cannot be made arbitrarily, but must be based upon some difference which bears a just and proper relation to attempted classification. Gulf, etc., Ry. Co. v. Ellis, 165 U. S. 150, 41 L. ed. 666; Bell's Gap R. R. Co. v. Penn., 134 U. S. 232, 33 L. ed. 892; State v. Loomis, 115 Mo. 307, 314, 21 L. R. A. 789; Dibrell v. Lanier, 89 Tenn. 497, 12 L. R. A. 70.

Legislation to be constitutional and valid must be so framed as to extend to and embrace equally all persons who are or may be in like situation and circumstances, and classifications must be natural and reasonable, and not arbitrary and capricious, Sutton v. State, 96 Tenn. 696, 33 L. R. A. 589; State v. Loomis, 115 Mo. 307, 21 L. R. A. 789; State v. Haun, 61 Kan. 146, 47 L. R. A. 369; State v. Goodwill, 33 W. Va. 179, 6 L. R. A. 621; Ex parte Jentzch, 112 Cal. 468, 32 L. R. A. 665; Evansville v. State, etc., 118 Ind. 426, 4 L. R. A. 93; Magoun v. Illinois Tr., Etc., Co., 170 U. S. 283, 42 L. ed. 1037.

Motor Vehicles Act (Acts 1925, No. 70) attempts to authorize impeding interstate commerce, contrary to Art I, Sec. 8 of the United States Constitution, and is void because requiring party to take out license for carrying on interstate commerce. Crutcher v. Kentucky, 141 U. S. 47, 37 L. ed. 649; Picard v. Pullman, etc., Co., 117 U. S. 34, 29 L. ed. 785; Robins v. Shelby Co. Tax Dist., 120 U. S. 489, 30 L. ed. 694; Leloup v. Port of Mobile, 127 U. S. 640, 32 L. ed. 311; Asher v. Texas, 128 U. S. 129, 23 L. ed. 638; McCall v. California, 136 U. S. 104, 34 L. ed. 391; Norfolk, etc., Ry. Co. v. Pennsylvania, 136 U. S. 114, 34

L. ed. 394; *Brennan* v. *Titusville*, 153 U. S. 289, 38 L. ed. 719; *Lyng* v. *Michigan*, 135 U. S. 161, 166, 34 L. ed. 150, 153; Minn. Rate Cases, 230 U. S. 352, 400, 57 L. ed. 1511, 1541, 48 L. R. A. (N. S.) 1151, 1167, and cases cited; *Champlain Realty Co.* v. *Town of Brattleboro*, 95 Vt. 216, reversed 260 U. S. 366, 67 L. ed. 309, 25 A. L. R. 1195; *Inter. Text Book Co.* v. *Pigg*, 217 U. S. 91, 54 L. ed. 678, 27 L. R. A. (N. S.) 493.

*J. Ward Carver*, Attorney General, *Robert R. Twitchell*, State's attorney, and *George L. Hunt* of counsel, for the State.

The offense being prosecuted, being for operation of motor vehicle without registration as provided by Motor Vehicles Act (Acts 1925, No. 70), the averment of operation without lawful registration is sufficient, *State* v. *Munger*, 15 Vt. 290; *State* v. *Scampini*, 77 Vt. 92, 102; *State* v. *Monte*, 90 Vt. 566.

If there is any statute or law exempting respondent from registration before operating motor vehicles in this State, such exemptions, not constituting a material part of the definition or .description of the offense of operating without registration, are mere matters of defense, and need not be negatived in complaint. *State* v. *Harvey*, 88 Vt. 58; *State* v. *Norton*, 45 Vt. 258; *State* v. *Smith*, 61 Vt. 346; *State* v. *Bevins*, 70 Vt. 574; *State* v. *Eldredge*, 71 Vt. 374; *State* v. *Paige*, 78 Vt. 286; *State* v. *Abbey*, 29 Vt. 60; *State* v. *Hodgdon*, 41 Vt. 139; *U. S.* v. *Cook*, 17 Wall. 168, 21 L. ed. 538; *Coleman* v. *U. S.* 3 Fed. (2nd.) 243; *People* v. *Love* (Ill.), 142 N. E. 204; *State* v. *Ogden* (Minn.), 191 N. W. 916; *McKelvey* v. *U. S.*, 260 U. S. 353, 67 L. ed. 301; *Com.* v. *Richardson*, 142 Mass. 71; *State* v. *Munsey* (Me.), 96 Atl. 729.

Such discrimination and classifications as act makes are in favor of respondent and not to his prejudice as between him and owners and operators of motor vehicles domiciled in State, hence respondent cannot avail himself of asserted invalidity if it exists. *State* v. *Kamuda*, 98 Vt. 466; *Hendrick* v. *Maryland*, 235 U. S. 610, 59 L. ed. 385.

Registration fees are not a tax for revenue, but are exacted under police power. *State* v. *Harrington*, 68 Vt. 639.

Reciprocal and retaliatory legislation in respect to taxation is not objectionable, and reciprocal legislation is justified by State comity and absence of prohibition, Case Note, 60 L. R. A. 360; *People* v. *Fire Assn.*, 92 N. Y. 311; *Haverhill Ins. Co.* v. *Prescott*, 42 N. H. 547; *Metropolitan Life Ins. Co.* v. *Common-*

*wealth,* 198 Mass. 466; *Fid. & Dep. Co.* v. *Brown,* 92 Vt. 390; *Newport* v. *Merkel Bros. Co.* (Ky.), 161 S. W. 549; *King* v. *Dist. of Columbia,* 277 Fed. 562.

Whether regarded as a charge or toll by State as proprietor of its highways, or as an exercise of the police power, exaction of registration fees is not open to objections relating to taxation. Opinion of Justices (Mass.), 146 N. E. 651; *Hendrick* v. *Maryland, supra; Smith* v. *Commonwealth* (Ky.), 194 S. W. 367; *Briedwell* v. *Henderson* (Ore.), 195 Pac. 575.

If license fees exacted amount to a tax, act is not invalid on that account. *State* v. *Johnston, supra; Kane* v. *State* (N. J.), L. R. A. 1917B, 553; *Re Kessler* (Idaho), L. R. A. 1915D, 322; *Bennington* v. *Park,* 50 Vt. 178, 205.

Classification made by act does not render statute invalid. *Hardwick* v. *Wolcott,* 98 Vt. 343; *Magoun* v. *Ill. Tr. & Sav. Bank,* 170 U. S. 283, 42 L. ed. 1037; *State* v. *Shedroi, supra; Fort Smith* v. *Skruggs* (Ark.), 58 L. R. A. 921; *Ex parte Schuyler* (Cal.), 139 Pac. 685; *Heartt* v. *Downer's Grove* (Ill.), 115 N. E. 869; *Kersey* v. *Terra Haute* (Ind.), 68 N. E. 1027; *Newport* v. *Merkel Bros. Co.* (Ky.), 161 S. W. 549; *State* v. *Lawrence* (Miss.), 66 So. 745; *Lillard* v. *Melton* (S. C.), 87 S. E. 421.

Motor Vehicles Act, in respect complained of, is not invalid as unlawfully interfering with interstate commerce. *Re Opinion of Justices* (N. H.), 39 A. L. R. 1023; *Comas Stage Co.* v. *Kozer* (Ore.), 5 A. L. R. 27; *Interstate Motor Transit Co.* v. *Kuykendall,* 284 Fed. 882; *State* v. *Seaboard Air Line Ry. Co.* (Fla.), 39 A. L. R. 1362; *Newport Elec. Corp.* v. *Oakley* (R. I.), 129 Atl. 613; *State* v. *Oligney* (Minn.), 202 N. W. 893; *Osborne* v. *Florida,* 164 U. S. 650, 41 L. ed. 586; *Kehrer* v. *Stewart,* 197 U. S. 60, 49 L. ed. 663.

Powers, J.   The respondent, domiciled at Grafton, N. H., is prosecuted for violating the Motor Vehicles Act, No. 70, Acts of 1925.   It is charged that being a non-resident owner of a certain motor bus duly registered in the state of New Hampshire, he caused it to be operated for more than thirty regular trips during the current year, on a certain highway in this State while the same was not registered here as required by said Act.   Having unsuccessfully demurred to the complaint, the respondent excepted and the case was sent up before trial.

So far as need here be specified, the Act provides:   That a

motor bus is a motor vehicle which regularly and indiscriminately carries passengers over a fixed route; that a resident is one domiciled in this State, or one who lives in another state and continuously conducts a business in this State for three months in any calendar year. Section 3. That residents shall make annual registration of their motor vehicles, and all persons are forbidden to operate such a vehicle on any of our highways unless it is registered according to the Act. Section 17. That the registration fee of a motor bus shall be based upon its weight, plus its passenger carrying capacity at one hundred and fifty pounds per person. Section 33. That a motor vehicle owned by a non-resident and lawfully registered in the state of his domicle, shall be exempt from the provisions of the Act to the extent that the state of his residence grants like exemption to motor vehicles duly registered under the laws of this State. Section 64. That this exemption shall not allow a motor bus owner, maintaining a regular schedule of trips as a carrier of passengers to operate for more than thirty trips in any calendar year; that such person, after such thirty trips shall be deemed to be a resident under the Act. Section 64. That the definition of a resident shall be so construed as to persons domiciled in an adjoining state and conducting a business in this State as to conform to the registration requirements of such adjoining state applying to persons domiciled in this State and conducting a business in that state. Section 3.

[1] So it comes to this: This New Hampshire owner, having had his motor bus lawfully registered in that state, but not in this, and having caused it to be operated on a regular schedule over the specified highway in this State for more than 30 trips within the year, is not entitled to the exemption provided for in section 64, but as to the excess trips is thereunder a resident, and has violated the 'terms of section 17 and incurred the penalty prescribed by section 109.

It may be that under the reciprocal provision of section 3 above referred to the term "resident" should be so construed as to exclude the respondent. But the record does not disclose sufficient facts to show this. It makes no difference with his situation here. If he is not to be classed as a "resident," he must be a "nonresident," for that term includes all persons living outside this State who are not "residents" under the Act. Section 3. If the respondent is to be classed as a "nonresident," he was required to register his bus under section 65; or under

section 66 if his residence entitled him to "zone registration" as therein provided. In either or any event, registry was required of him before he could lawfully make his thirty-first trip.

The demurrer challenges the complaint for defect of material allegations.

[2-12]   That a criminal complaint that fails to allege every fact necessary to constitute the offense charged, though that be statutory, is defective and demurrable, is a familiar rule of criminal pleading. *State* v. *Brown,* 72 Vt. 410, 412, 48 Atl. 652; *State* v. *Perkins,* 88 Vt. 121, 124, 92 Atl. 1; *State* v. *Aaron,* 90 Vt. 183, 185, 97 Atl. 659. That such complaint must set forth the charge with such particularity as will reasonably indicate the offense of which the respondent is accused, and enable him intelligently to prepare his defense, and successfully to plead the judgment if subsequently prosecuted for the same offense, is equally familiar law. *State* v. *Monte,* 90 Vt. 566, 568, 99 Atl. 264; *State* v. *Villa,* 92 Vt. 121, 123, 102 Atl. 935. The allegations of this complaint are short in neither of these respects. The basis of the charge is the operation of an unregistered motor vehicle on the highway. That the respondent did this is admitted by the demurrer. Such act was necessarily and inevitably criminal. It was not criminal merely because done in a particular way or at a particular place, nor could the offense be so committed as to involve different punishments. The respondent asserts that he was entitled to zone registration under Section 66, on the ground that he lives in an adjoining state within fifteen miles of the boundary. Perhaps so, but the complaint does not show the necessary facts. It is true that one need not allege more than he is required to prove, and that facts of which the court will take judicial notice need not be alleged. *McLain* v. *State,* 15 Ala. App. 24, 72 So. 511, 512; *People* v. *Snyder,* 279 Ill. 435, 117 N. E. 119, 121; *Acton* v. *State,* 80 Md. 547, 31 Atl. 419, 420; *United States* v. *Golden* (D. C.), 1 Fed. (2nd) 543, 545. We take judicial notice of the geography of the State, *Lynch's Admr.* v. *Central Vermont Ry. Co.,* 89 Vt. 363, 368, 95 Atl. 683, including the location and extent of the various towns therein, *State* v. *Shaw,* 89 Vt. 121, 124, 94 Atl. 434, L. R. A. 1915F, 1087. We take notice of the location and general extent of other states, *Daly* v. *Old,* 36 Utah, 74, 99 Pac. 460, 28 L. R. A. (N. S.) 463, 469, but not, ordinarily at least, of the location or extent of their political subdivisions. 1 Chamb. Ev., § 737; *Hudson* v. *Webber,* 104 Me. 429, 72 Atl. 184, 186. We

cannot say as a matter of judicial knowledge that some point in Grafton, N. H., is not, measured by the nearest road, more than fifteen miles from the boundary dividing the two states—which itself we know as a matter of common knowledge is in dispute. Nor is the argument sound that the complaint should show by proper averments that, under the reciprocal provision referred to, the New Hampshire statute does not affect the respondent's situation. It could not exempt him; at the most, it could only determine his classification under the Act. It is by no means the case of a condition or exception which enters into the definition of the offense charged, which alone has to be negatived in a complaint or indictment. *State* v. *Paige*, 78 Vt. 286, 288, 62 Atl. 1017, 6 Ann. Cas. 725. If the provision affected this respondent in a way to protect him from the charge, it would be a matter of defense, only, under the authorities collected in the case last cited. The record does not present the question what fee the respondent is required to pay; nor whether he is entitled to zone registration; nor how he should be classified under the reciprocal provision. Resident or nonresident, after he had made thirty regular trips over this highway, he became a criminal if he made any more such trips without registering his bus.

The respondent attacks the constitutionality of the Act. He says the registration fee required by the Act is a tax, and that the classification made by the Act is arbitrary, unreasonable, and discriminatory in violation of both State and federal Constitutions.

[13-15]  The regulation of motor vehicles used upon the public highways in order to conserve the safety and general welfare of the people is an attribute of the police power of the State, and its exercise is nowhere disputed. It is everywhere conceded. And so long as the registration fee was confined to a sum fairly required to cover the expense of regulation and supervision it was regarded as a fee and not as a tax. But since such fees have been so increased as to produce a large surplus over such expenses though this be devoted to the maintenance and improvement of the highways, the "fee" has come to be looked upon as a tax, and the statute providing for it as a revenue measure. Thus, when the Massachusetts registration fee was only two dollars per year, it was held in *Commonwealth* v. *Boyd*, 188 Mass. 79, 74 N. E. 255, 108 A. S. R. 464, 465, that this

fee was exacted under an exercise of the police power and was not a tax. But subsequently, when that fee had been greatly increased and graduated according to the horse-power of the vehicle's motor, it was the opinion of the justices of that court that the so-called fee was an excise tax. Opinion of the Justices, 250 Mass. 591, 148 N. E. 889, 894. This accords with the holdings of this Court. The determining factor in the question is: What is the primary purpose of the charge? So long as it is exacted as a mere incident of lawful regulation, it is a fee and not a tax; but when revenue is a primary purpose of its exaction, it is a tax. *State* v. *Jarvis,* 89 Vt. 239, 244, 95 Atl. 541. The time has come when most if not all the states recognize the revenue possibilities of this method of taxation, and have enacted laws for the double purpose of regulation and revenue. Our own Act is of that class. Provisions for safeguarding the public are included in it, and the fees are fixed with a view to the production of revenue. The latter is made sufficiently dominant to require a holding that so much of the Act is enacted under the taxing power, and that the fee demanded is an excise tax. This being so, the provisions here called in question must be tested by the limitations which constitutional provisions have imposed upon the Legislature's power to tax. This view is in general harmony with *State* v. *Pratt,* 59 Vt. 590, 9 Atl. 556, and *State* v. *Hoyt,* 71 Vt. 59, 42 Atl. 973, and finds support in many cases, including *Firestone* v. *Cambridge,* 113 Ohio St. 57, 148 N. E. 470, 472; *Raymond* v. *Holm,* 165 Minn. 215, 206 N. W. 166, 167; *Camas Slage Co.* v. *Kozer,* 104 Or. 600, 209 Pac. 95, 25 A. L. R. 27, 36; 4 Cooley, Tax. (4th ed.) 1784; *Kane* v. *State,* 81 N. J. Law, 594, 80 Atl. 453, L. R. A. 1917B, 553, 555, Ann. Cas. 1912D, 237.

[16] That the Legislature has the power to impose such excise taxes is unquestioned. *State* v. *Harrington,* 68 Vt. 622, 623, 35 Atl. 515, 34 L. R. A. 100.

[17-19] The power of classification for taxing purposes is a valuable and legitimate legislative function. There is nothing in any of the provisions of the State or federal Constitutions that forbids it. *Hardwick* v. *Wolcott,* 98 Vt. 343, 349, 129 Atl. 159. A very wide, but not unlimited, discretion in this matter is vested in the Legislature. It is only when the classification adopted plainly conflicts with one or both of the constitutions named that the court can interfere. The proportional clause of our constitution and the equality clause of the federal Constitu-

tion are of the same effect so far as this question is concerned. *Hardwick* v. *Wolcott, supra*. All that is required to make valid any classification that the Legislature is pleased to adopt is that it shall be based upon a rational ground—some difference that bears a just relation to the purpose to be served. *State* v. *Hoyt,* 71 Vt. 59, 64, 42 Atl. 973; *Hardwick* v. *Wolcott, supra,* 350 (129 Atl. 159). The power of classification being thus established and limited, where lies the fault in this Act? Certainly not in the mere fact that it puts self-propelled vehicles in a class by themselves, and results in their taxation in a different way or to a greater extent than horse-drawn vehicles using the highways. Their well-known destructive effect upon such highways and the expensive construction and maintenance made necessary by their use make the propriety of such a classification too obvious for discussion. And so it is held. *Re Hoffert,* 34 S. D. 271, 148 N. W. 20, 52 L. R. A. (N. S.) 949, 957; *Jackson* v. *Neff,* 64 Fla. 326, 60 So. 350, 352; *Allen* v. *Smith,* 84 Ohio St. 283, 95 N. E. 829, Ann. Cas. 1912C, 611, 613; *Westfall's Storage, etc., Co.* v. *Chicago,* 280 Ill. 318, 117 N. E. 439, 440.

[20] Nor can the fault lie in the fact that commercial cars are separated from other motor vehicles. *Hill* v. *Moody,* 207 Ala. 325, 93 So. 422, 424; *Ogilvie* v. *Hailey,* 141 Tenn. 392, 210 S. W. 645, 647; *Park* v. *Duluth,* 134 Minn. 296, 159 N. W. 627, 628; *Raymond* v. *Holm,* 165 Minn. 215, 206 N. W. 166, 167; *Jackson* v. *Neff, supra,* 353; *Fisher Bros.* v. *Brown,* 111 Ohio St., 146 N. E. 100, 103.

[21] Nor in the fact that commercial vehicles are subdivided according to their use and load. *Kennamer* v. *State,* 150 Ala. 74, 43 So. 482, 483; *Re Hoffert, supra; McGrath* v. *Chicago,* 309 Ill. 515, 141 N. E. 299, 300.

[22] Nor in the fact that busses are sub-classified according to their loaded weight. Weight has such a necessary and obvious relation to the road-wearing qualities of the vehicle that it is a common and proper basis for excise determination. *Northern Ky. Transportation Co.* v. *Bellevue,* 215 Ky. 514, 285 S. W. 241, 243. The statute of Oregon upheld in *Camas Stage Co.* v. *Kozer,* 104 Or. 600, 209 Pac. 95, 25 A. L. R. 27, graduates the license tax according to the weight of the bus plus four dollars for each passenger space.

[23] Nor in the mere fact that the respondent resides outside the State. "It would be strange if the state could not tax a motor vehicle making daily use of its highways for the profit of

its owner, merely because the owner happened to live and kept (keep) the vehicle when not in use just beyond the boundary line of the state." *State* v. *Oligney,* 162 Minn. 302, 305, 202 N. W. 893, 895; *Kane* v. *New Jersey,* 242 U. S. 160, 61 L. ed. 222, 227, 37 Sup. Ct. 30.

[24] Nor in the reciprocity provision, which merely gives credit to those who give credit to us, and which promotes the convenience of owners and prevents the relative hardship of having to pay the full registration fee for a brief use of the highways. *Kane* v. *New Jersey, supra; Ex parte Schuler,* 167 Cal. 282, 139 Pac. 685, Ann. Cas. 1915C, 706; *Newport* v. *Merxel Bros. Co.,* 156 Ky. 580, 161 S. W. 549, 551; *Lillard* v. *Melton,* 103 S. C. 10, 18, 87 S. E. 421; *State* v. *Lawrence,* 108 Miss. 291, 66 So. 745, 747, Ann. Cas. 1917E, 322.

Nor, for reasons just stated, in the zone registration provision which grants limited use of our highways at a nominal fee by way of reciprocity. For, as we have seen, commercial cars may be classified by themselves and sub-classified according to the use to which they are put. Moreover, the respondent is in no position to raise this question for he has not asked for zone registration. *Hendrick* v. *Maryland,* 235 U. S. 610, 59 L. ed. 385, 390, 35 Sup. Ct. 140.

It remains to consider whether the respondent is discriminated against by being treated by the law more harshly than others in his class. For the law forbids such discrimination. *State* v. *Hoyt,* 71 Vt. 59, 64, 42 Atl. 973; *Board of Comrs.* v. *Johnson,* 173 Ind. 76, 89 N. E. 590, 594, and cases cited; *Freemont* v. *Postal, etc., Co.,* 103 Neb. 476, 172 N. W. 525, 526; *Lillard* v. *Melton,* 103 S. C. 10, 17, 87 S. E. 421, 424.

[25-27] That one state cannot pass a valid tax law that discriminates against a nonresident is shown by *Sprague* v. *Fletcher,* 69 Vt. 69, 75, 37 Atl. 239, 37 L. R. A. 840. But all that this respondent can claim is that he is classed as and required to pay the same tax that a resident bus operator has to pay. And as we have seen, he is not in a position to be heard to say that other nonresidents situated as he is are given zone registration concessions. Unless a provision of the Act operates to his disadvantage, the respondent cannot raise the question of its invalidity. For the rule is that one cannot be heard to assert such an invalidity unless his rights are affected by it. *State* v. *Kamuda,* 98 Vt. 466, 470, 129 Atl. 306; and this means that his rights must be injuriously affected. *Booth Fisheries Co.* v.

*Industrial Commission,* 185 Wis. 127, 200 N. W. 775, 777; *Mohall's Farmers Elevator Co.* v. *Hall,* 44 N. D. 430, 176 N. W. 131, 133; *Southern Ry. Co.* v. *King,* 217 U. S. 524, 54 L. ed. 868, 872, 30 Sup. Ct. 594; *Louisville & Nashville R. R. Co.* v. *Finn,* 235 U. S. 601, 59 L. ed. 379, 383, 35 Sup. Ct. 146.

[28] That persons domiciled outside the State are so classified that some have to pay a higher tax than others is not of itself unlawful discrimination. It comes back to the validity of the classification. Those nonresidents temporarily in the State are in one class; those entitled to zone registration in another class; and the respondent is in another class. There is no inequality between persons in the same class.

What we have said is not to be taken as indicating that the respondent would be entitled to any advantage here, had he shown that his residence was such as to enable him to assert a claim to zone registration.

[29] It should be kept in mind that the tax we are discussing is paid for using the highways for commercial purposes. These highways are primarily for use in the ordinary way—for the carriage of persons and property for non-commercial purposes —that is to say, without paying for such transportation. And the simple fact is that the use of them for direct financial gain may be conditioned very much as the Legislature deems proper. *Packard* v. *Banton,* 264 U. S. 140, 68 L. ed. 596, 607, 44 Sup. Ct. 257. Indeed, in proper cases it may be prohibited. *In re James,* 99 Vt. 265, 273, 132 Atl. 40.

The respondent insists that the statute amounts to an unwarrantable interference with interstate commerce.

[30, 31] There is no question of interstate commerce presented by this record. The question under the demurrer is: Do the facts charged constitute an offense? On this question, only what appears in the complaint, together with such facts as we take judicial notice of, if any, are to be considered. So stringent is this rule, that when a pleading is challenged by demurrer no facts *de hors* the record are for consideration though they be conceded at the hearing. *Howard Nat. Bank* v. *Fidelity and Casualty Co.,* 96 Vt. 462, 468, 121 Atl. 24.

[32] All that appears here is that the respondent lives in New Hampshire and operates his motor bus in Vermont. There is nothing said about interstate commerce, and nothing requiring an inference that the respondent is engaged in it. So far as shown, his business is all in this State. To be sure, one of the

specified grounds of demurrer, insisted upon below and insisted upon here, is that the statute interferes with interstate commerce. But to allow this specification of cause to have the force of an assertion of fact would be to make the demurrer "speak," and a speaking demurrer is properly overruled. 31 C. J. 816; *Woods & Malone* v. *Colony Bank,* 114 Ga. 683, 40 S. E. 720, 56 L. R. A. 929, 931; *Stewart* v. *Wild,* 196 Iowa, 678, 195 N. W. 266, 269; *Trust Co.* v. *Wilson,* 182 N. C. 166, 108 S. E. 500, 501. Nevertheless, we are favored with carefully prepared briefs on this question, and in view of its importance, especially to the officers in charge of the administration of the Act, it is deemed best to pass upon it.

[33, 34]   The paramount authority of Congress over the whole subject of interstate commerce is, of course, admitted. But it is not everything that affects that commerce that burdens it. *Minot* v. *Philadelphia, W. & B. R. R. Co.,* 18 Wall. 206, 232, 21 L. ed. 888. The provision of the federal Constitution covering the subject is not self-executing and therefore there are incidental matters connected with it over which the states have a measure of authority until and unless Congress takes action thereon. The rule is that when the subject in hand is local and limited in character and operation, the state may legislate thereon until Congress assumes control over it. But when it is national in character, requiring uniformity throughout the country, the power of Congress is exclusive. *State* v. *Peet,* 80 Vt. 449, 454, 68 Atl. 661, 14 L. R. A. (N. S.), 677, 130 A. S. R. 998. But even this much power over the subject left to the state must be so exercised as not unreasonably to affect interstate traffic.

[35]   So far as the Act in hand regulates motor vehicles in the interests of the public safety and welfare, there can be no question as to its validity. For it has been repeatedly and uniformly held that the commerce clause of the federal Constitution is not a limitation upon the proper and reasonable exercise of the police power abiding in the state; the question of the reasonableness of state action being a federal question. This proposition is too well established to require more than a single citation to support it. *Atlantic Coast Line R. R. Co.* v. *Georgia* 234 U. S. 280, 58 L. ed. 1312, 1318, 34 Sup. Ct. 829. The law of taxation may be more stringent in regard to commerce between the states, but not enough so as to invalidate the Act in question.

[36]   While a state may not require a private carrier en-

gaged in interstate commerce to become a public carrier, *Michigan Pub. Util. Com.* v. *Duke,* 266 U. S. 570, 69 L. ed. 445, 449, 45 Sup. Ct. 191, 36 A. L. R. 1105, and while it is established by *Buck* v. *Kuykendall,* 267 U. S. 307, 69 L. ed. 623, 627, 45 Sup. Ct. 324, and *Bush* v. *Maloy,* 267 U. S. 317, 69 L. ed. 627, 629, 45 Sup. Ct. 326, 327, that a state cannot drive interstate commerce from its highways simply because, in its opinion, the public good does not require it, or because existing transportation lines would be prejudiced by it, it is well established that a state may exact a reasonable excise tax for the use of its highways by motor vehicles engaged in interstate commerce.  Thus a resident of Wisconsin who operated in Minnesota a motor truck in interstate commerce without obtaining a license in the latter state, was held in *State* v. *Oligney,* 162 Minn. 302, 202 N. W. 893, to be liable for the tax required by the law of that state; and the validity of the law was upheld when charged with unconstitutionality.  In *Northern Kentucky Trans. Co.* v. *Bellevue,* 215 Ky. 514, 285 S. W. 241, 244, it is held that in the absence of legislation by Congress, a state may require reasonable fees from an interstate carrier for the use of its highways. To the same effect are *Liberty Highway Co.* v. *Commission* (D. C.), 294 Fed. 703; *Transportation Co.* v. *Commission,* 113 Ohio St. 565, 149 N. E. 716; *Avery* v. *Interstate Grocery Co.* (Okl. Sup.), 248 Pac. 340, 342; *Interstate Transit Co.* v. *Derr,* 71 Mont. 222, 228 Pac. 624, 627; and *Camas Stage Co.* v. *Kozer,* 104 Or. 600, 209 Pac. 95, 25 A. L. R. 27, 34.

The Supreme Court of the United States, the final and controlling authority on the question, has removed all uncertainty of the soundness of these cases.  *Hendrick* v. *Maryland,* 235 U. S. 610, 35 Sup. Ct. 140, 59 L. ed. 385, involved the validity of a law that required registration fees varying from six to eighteen dollars per year.  This law was assailed on constitutional grounds.  Mr. Justice McReynolds, speaking for the Court, after approving the right of a state reasonably to exercise its police power in the regulation of interstate carriers by motor vehicle, goes on to say:  "In view of the many decisions of this Court there can be no serious doubt that where a state at its own expense furnishes special facilities for those engaged in commerce, interstate as well as domestic, it may exact compensation therefor.  The amount of the charges and the method of collection are primarily for determination by the state itself; and so long as they are reasonable and are fixed according to

some uniform, fair and practical standard, they constitute no burden on interstate commerce. (Citing cases.) The action of the state must be treated as correct unless the contrary is made to appear. In the instant case there is no evidence concerning the value of the facilities supplied by the state, the cost of maintaining them, or the fairness of the method adopted for the collecting the charges imposed; and we cannot say from a mere inspection of the statute that its provisions are arbitrary or unreasonable."

The matter was before the court again in *Kane* v. *New Jersey,* 242 U. S. 160, 61 L. ed. 222, 226, 37 Sup. Ct. 30, 31, wherein Mr. Justice Brandeis speaks for the Court, saying: "The power of a state to regulate the use of motor vehicles on its highways has been recently considered by this Court and broadly sustained. It extends to nonresidents as well as to residents. It includes the right to exact reasonable compensation for special facilities afforded as well as reasonable provisions to insure safety."

This doctrine was again approved in *Michigan Public Utilities Commission* v. *Duke,* 266 U. S. 570, 69 L. ed. 445, 449, 45 Sup. Ct. 191, and may safely be accepted as the settled law of that Court.

[37] It may be true that in some of the foregoing cases the right under discussion is assigned to the police power rather than to the taxing power. But in our view this makes no difference in the result. You may call the charge imposed a "fee," or you may call it a "tax"; you may call the enactment imposing it a "police measure" or you may call it a "revenue measure"; it makes no difference. The validity of the Act in the respects here called in question is established.

*Affirmed and remanded.*